413 So.2d 583 (1982)
W. D. KENT, et al.
v.
Minnie STEWART, et al.
Carretha Lee BUTLER, et al.
v.
SAM MABRY LUMBER COMPANY, et al.
Nos. 14642, 14643.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*584 L. B. Ponder, Smith, for plaintiffs-appellants in No. 14642 and defendants-appellees in No. 14643.
John Schmidt, Hammond, for defendants-appellees in No. 14642.
Ashton L. Sommers, Stephen Peters, Baton Rouge, for plaintiffs-appellants in No. 14643.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
W. D. Kent, Kent Piling Company, Inc., and L. B. Ponder, Jr. appealed from a judgment denying damages for libel, slander, defamation and malicious prosecution and finding that the Lee heirs, plaintiffs in one suit and defendants in the other, were not in contempt of court.
The issues are: the scope of an injunction issued in a prior suit and the dismissal of a suit for damages resulting from libel, slander, defamation and malicious prosecution.
The heirs of Robert Lee filed suit entitled "Carretha Lee Butler, et al v. Sam Mabry Lumber Company, et al," No. 8764, in which W. D. Kent was named a defendant, alleging that timber on their property had been cut. Plaintiffs dismissed a writ of attachment against Sam Mabry Lumber Company and a writ of garnishment issued to Crown Zellerbach. The lawsuit itself was not dismissed.
After the dismissal of the writs, W. D. Kent answered the suit and reconvened for damages for libel, slander and malicious litigation. He also filed a second suit entitled "W. D. Kent, et al v. Minnie Stewart, et al," No. 5491, in which he alleged that the heirs of Robert Lee acted in contempt of a permanent injunction issued in a prior suit in 1971. The two suits were consolidated.
Appellants allege that the Lee heirs violated the permanent injunction by bringing the action, by hiring a man to mark and sell trees from Kent's property, by threatening one of Kent's agents with a gun and by generally harassing them.
The trial court, in written reasons, held that the injunction did not prohibit the filing of a lawsuit; that appellants did not carry their burden in proving any violation of the injunction, contempt of court or malicious harassment; and that the reconventional demand for damages was premature. The action filed by the Lee heirs was also dismissed.
Willful disobedience of a mandate, lawful judgment, writ or process of court is a constructive contempt of court. La.C.C.P. Art. 224(2).[1] Proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope. Roy v. Berard, 227 La. 86, 78 So.2d 519 (1955). Unless a litigant willfully disobeys a direct order of the court issued prior to the contempt rule, he should not be held in contempt, even if his acts tend to frustrate the opposing litigant. City of Monroe v. Evans, 385 So.2d 912 (2nd Cir. 1980).
Since the injunction did not directly enjoin the filing of a suit, we find no error in the trial court's failure to find contempt.
*585 Appellants next contend that the Lee heirs were in contempt of court by employing a third person to mark and sell timber on appellants' tract. The only testimony of this action or any action other than the filing of the lawsuit was the testimony of Mr. Kent. Even the third person was not called to testify. The Lee heirs denied having any knowledge of the action or of performing any other act to harass appellants. We cannot say that the trial judge's finding that appellants failed to prove any specific act which would constitute a violation of the injunction was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Appellants complain of the dismissal of the reconventional demand for damages as premature, since attorney's fees had accrued in the attachment and garnishment action. Termination of civil proceedings which are contended to have been maliciously prosecuted is an essential element for successful action for malicious prosecution. Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). However, the relevant point in time is the outset of the trial. Hibernia National Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980).
Suit No. 8764 was dismissed only by the trial court's judgment in the consolidated cases. The trial court did not err in finding Mr. Kent's suit for malicious prosecution was premature.
Similarly, an action for libel or slander arising out of allegations or statements made in a judicial proceeding cannot be brought by a party to the judicial proceeding, until the proceeding is terminated. Marionneaux v. King, 331 So.2d 180 (1st Cir. 1976).
For these reasons, we affirm the trial court's decision with costs assessed to the appellants.
AFFIRMED.
NOTES
[1] La.C.C.P. Art. 224(2):

"A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitutes a constructive contempt of court:
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;"