505 So.2d 165 (1987)
HOME SAVINGS AND LOAN ASSOCIATION
v.
TRI-PARISH VENTURES, LTD. NO. 1.
Nos. CA-5499, CA-5812.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Lewis & Caplan, Robert A. Caplan, Pete Lewis, New Orleans, for defendant-appellee.
Stephen M. Bernstein, New Orleans, for plaintiff-appellant.
Before SCHOTT, GARRISON and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This is a consolidated appeal from two judgments of the district court declaring the recorded judicial mortgage held by the intervenors to be of superior rank to the mortgages and vendor's liens held by the plaintiff. We affirm.
*166 The present case originated from two separate suits for executory process under notes and mortgages granted by defendant, Tri-Parish Ventures, Ltd. No. 1, hereinafter referred to as "Tri-Parish" in favor of the plaintiff, Home Savings and Loan Association hereinafter referred to as "HSLA." Robert A. Caplan and Pete Lewis of Lewis and Caplan, a Professional Law Corporation, filed an intervention in each suit seeking a judgment recognizing the priority of their previously recorded judicial mortgage encumbering defendant's property. Although each suit involves a separate piece of property and a separate judgment, the issues and the parties are identical. After a hearing on the merits the trial court rendered separate judgments in favor of the intervenors.
The record reflects that the subject property located at 8920-22 Quince Street is encumbered by:
(1) A judicial mortgage in favor of the intervenors, dated and recorded on September 13, 1984.
(2) A mortgage and vendor's lien in favor of the sellers dated November 20, 1984 and recorded on November 28, 1984. This mortgage was later subordinated to the mortgage in favor of HSLA by an act of subordination executed and recorded on December 12, 1984.
(3) A mortgage and vendor's lien in favor of HSLA dated November 21, 1984, and recorded November 28, 1984.
The subject property located at 2322-24 Siminole Lane is encumbered by:
(1) A judicial mortgage in favor of the intervenors, dated and recorded on September 13, 1984.
(2) A mortgage and vendor's lien in favor of HSLA, dated December 11, 1984, and recorded December 12, 1984.
The plaintiff, HSLA, maintains that LSA-R.S. 6:830(D)(1-2)[1] confers a privilege on a savings and loan association that is of equal rank to that of a vendor's lien. HSLA further points out that the Code defines a "privilege" as "... a right, which the nature of a debt gives to a creditor, and which entitles it to be preferred before other creditors, even those who have mortgages." LSA-C.C. Art. 3186. Thus, plaintiff argues, the privilege created by LSA-R.S. 6:830 causes the HSLA vendor's liens and mortgages to take preference over the intervenors' judicial mortgage despite its prior recordation. We disagree.
The Louisiana Civil Code firmly establishes that in order to be effective against third parties, mortgages and privileges must be recorded and that preference in ranking is dependant upon the date of recordation:
"No mortgage or privilege shall hereafter affect third parties, unless recorded in the parish where the property to be affected is situated." LSA-C.C. Art. 3347.
"Among creditors, the mortgage, whether conventional, legal or judicial, has force only from the time of recording it..." LSA-C.C. Art. 3329.
"Privileges are valid against third persons, from the date of the recording of the act or evidence of the indebtedness as provided by law." LSA-C.C. Art. 3273.

*167 "The judicial mortgage takes effect from the day the judgment is recorded...." LSA-C.C. 3322.
Among otherwise equal claimants, priority in ranking is accorded to that privilege with the earliest recordation date. A limited exception to this rule is found in LSA-C.C. Art. 3274 in which a grace period is given to the privilege holder over intervening mortgages only, where the act importing privilege is recorded within a very limited period after the date of execution.[2] See: Redmann, "The Louisiana Law of Recordation: Some Principles and Some Problems," 39 Tulane L.Rev. 491 (1965). A similiar grace period was created for mortgages in favor of homesteads, etc., pursuant to LSA R.S. 6:830(H)(2), however, the special ranking date, as in Art. 3274, affects intervening mortgages only:
If any mortgage provided for in this Section is placed on record within three working days of its execution, when the registry is required to be made in the parish where the act was executed, and within five working days, if the registry is required to be made in any other parish of this state, it shall have and enjoy the same priority in regard to the effective date of such recordation as is accorded vendor's liens under the provisions of Louisiana Civil Code Article 3274, without regard to the time for recordation as provided therein. The mortgage provided for in this Section shall remain in force for a period of thirty-one years from the date of their filing or for a period of thirty-one years from the date of any reinscription. LSA-R.S. 6:830(H)(2).
While LSA-R.S. 6:830 does create a vendor's privilege upon the mortgaged property, the privilege has priority only over those "... other liens, privileges, encumbrances, and mortgages upon the property... which are recorded or arise in any manner subsequent to the date of recordation of the mortgage in favor of the association...." LSA-R.S. 6:830(H)(1). (Emphasis added). A vendor's privilege which is preserved and perfected against third parties through recordation primes subsequent mortgages affecting the property. Lessard v. Lessard, 340 So.2d 351 (La.App. 1st Cir.1976), aff'd 349 So.2d 293 (La.1977).
Thus, whether the effective ranking date of the HSLA mortgages and vendor's liens is the recordation date or the date of execution, they remain secondary in rank to intervenors' mortgage which was executed and recorded at least a month earlier. Accordingly, the judgments of the trial court are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 6:830:

* * *
D. (1) If an association, to accomplish any of the powers granted it pursuant to this Chapter, purchases or secures property from any person and afterward sells or disposes of the same property to a borrower, the association has a privilege of equal rank as the vendor's privilege upon the property so acquired, sold, and disposed of for the security of the payment of the money due by the borrower.
(2) An association may contract with any person to acquire or purchase from him any property and afterward to sell or dispose of the same property to a borrower even though the agreement is at one and the same time. This contract shall not be considered or treated as a loan, but as a purchase or acquisition by the association and a sale by the association to the borrower, and the association, to secure payment of the amount due by the borrower, has a privilege of equal rank with a vendor of immovable property and enjoys for the protection of its claim and the enforcement of its loan all the rights, privileges, and securities which are now accorded by law to the vendor of immovable property.
[2] LSA-C.C. Art. 3274: No privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded within seven days from the date of the act or obligation of indebtedness. When the registry is required to be made in the parish where the act was passed or the indebtedness originated and within fifteen days, if the registry is required to be made in any other parish of this State. It shall, however, have effect against all parties from date of registry.