WICKER, Judge.
This is an appeal taken by the inter-venors/appellants, Marguerite Lola Lopez, Joanne Lopez, and Steven A. Lopez, from an adverse judgment on a rule to show cause why their vendors’ lien should not prime plaintiff/appellee’s (Pelican Homestead and Savings Association) mortgage and why the proceeds from the sheriff’s sale should not be required to satisfy their vendors’ lien prior to satisfying Pelican’s mortgage. We affirm.
Pelican initially filed suit against defendants, Royal Scott Apartments Partnership, William C. Boehmer, William T. Char-bonnet and Nouvelle Vie Construction, Inc. seeking a recognition of its first mortgage on immovable property securing a defaulted promissory note as well as judgment in the amount of $397,737.96, plus interest, insurance and attorney’s fees. The note was executed on January 23, 1985 in the amount of $400,000.00 before Malcolm A. Meyer, notary public.
A default judgment was rendered recognizing Pelican’s first mortgage and awarding a money judgment as prayed. On May 23, 1988 Marguerite Lola Lopez, Joanne Lopez, and Steven A. Lopez filed an “intervention and rule to show cause.” Made defendants in intervention were Pelican, Royal Scott Apartments Partnership and the sheriff of Jefferson Parish. Inter-venors/appellants alleged they sold the property which is the subject matter of Pelican’s original petition to Royal Scott Apartments Partnership on January 23, 1985 before notary, Malcolm A. Meyer. Pelican answered the petition for intervention, admitting this allegation.
Intervenors/appellants further alleged they have a vendors’ lien which outranks Pelican’s mortgage. Pelican denied there was a vendors’ lien. Intervenors/appel-lants sought payment on a defaulted note executed by Royal Scott Apartments Partnership. Pelican answered admitting the existence of the note for $150,000.00 but denying information as to the default.
*945 In Paragraph 7 of intervenors’ petition they alleged:
The note for the balance of the sales pnce was duly recorded as well as the act of sale itself and a second mortgage securing the note, all of which were executed simultaneously with the original plaintiffs first mortgage before that original plaintiffs notary, [emphasis added.]
Pelican admitted the above allegations. Pelican further answered:
that a vendor’s lien is not preserved after recitation in a deed that the full purchase price has been paid; and furthermore that the mortgage of Pelican Homestead and Savings Association outranks the second mortgage in favor of plaintiffs in intervention.
Intervenors prayed that a show cause order issue to the parties as to why inter-venors should not be paid in preference to Pelican at the forthcoming sale resulting from seizure of the property. The show cause hearing was set on July 7,1988. On July 1,1988 Pelican filed a memorandum in opposition to intervenors’ assertion that their vendors’ lien was preserved following a recitation in the deed that the full purchase price had been paid in cash. Pelican further urged that if intervenors possessed such a privilege it was tacitly waived or renounced in their act of second mortgage. No reply memorandum was filed by movers-in-rule.
The rule to show cause was heard on July 7, 1988. The trial judge took the matter under advisement and rendered judgment on July 14, 1988. The only documents introduced into evidence were the following:
(1)The Act of Sale dated January 23, 1985 concerning the subject property indicating sale from intervenors/appellants to Royal Scott Apartments Partnership executed before notary, Malcolm A. Meyer. The act of sale contains the following provision:
“This sale is made and accepted for and in consideration of the price and sum of FIVE HUNDRED THOUSAND AND NO/lOO ($500,000.00)
DOLLARS, Cash, which the said purchaser has well and truly paid, in ready and current money to the said vendors who hereby acknowledge the receipt thereof and grant full acquittance and discharge therefor.”
(2) An act of mortgage executed on the same date by Royal Scott Apartments Partnership in favor of Pelican in the amount of $400,000.00. The act indicates the note is secured by the subject property and that the notary was Malcolm A. Meyer.
(3) A document styled “Second Mortgage by Royal Scott Apartments Partnership in favor of Bearer” executed on the same date before Malcolm A. Meyer, notary. The document contains the following provision:
“Which said appearer declared and acknowledged that it is justly and truly indebted unto BEARER in the full and true sum of ONE HUNDRED FIFTY THOUSAND AND NO/100 ($150,-000.00) DOLLARS, borrowed money, which the said BEARER has this day loaned and advanced to Royal Scott Apartments Partnership and for the reimbursement whereof Royal Scott Apartments Partnership has made and subscribed one certain Promissory Notes for the sum of ONE HUNDRED FIFTY THOUSAND AND NO/100 ($150,000.00) to the order of and endorsed by BEARER dated January 23, 1985.”
The note is secured by the subject property. The act of mortgage additionally contains the following provision:
“Mortgagees hereby acknowledge that the mortgage granted herein is inferior and subordinate to that certain mortgage executed by Royal Scott Apartments Partnership (mortgagors) in favor of Pelican Homestead & Savings Association, in the amount of $400,000.00, as per act before the undersigned Notary Public, of even date herewith ... and now to these presents personally came and intervened MARGUERITE LALA LOPEZ, JOANNE LOPEZ RICHARD *946 SON, and STEVEN A. LOPEZ, who on behalf of any future holder or holders of said note hereby accept this act of mortgage, [emphasis added].
The only witness intervenors/appellants sought to introduce at the hearing was Mrs. Lopez. Pelican’s counsel objected to her testimony indicating that he was unprepared to elicit testimony. He also urged that he be allowed to refute her testimony by calling a witness from Pelican. The trial judge stated, “I don’t think the Court needs testimony.”
Counsel for intervenors/appellants did not object to the trial judge’s statement. Instead, counsel then sought to introduce a stipulation that Mrs. Lopez would testify “simply that this note’s unpaid.”
Pelican’s counsel refused to so stipulate stating he had no knowledge as to whether the partnership fulfilled its obligation to Mrs. Lopez. The trial court stated it had enough before it to make a ruling. At this point, intervenors’ counsel asked to make a proffer. Pelican’s counsel objected to the proffer. However, before the trial judge ruled on the objection, counsel for inter-venors stated:
Just an oral proffer, Your Honor, that, if allowed to testify, Mrs. Lopez would testify that the second payment on the note that’s in evidence was not paid. The trial judge stated:
Okay. I will review the documents and go over the notes and make a decision and call you all.
He rendered the following judgment based on the pleadings, memoranda and the evidence submitted:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Pelican Homestead and Savings Association, as the first mortgage holder, is entitled to be paid at sheriff’s sale with preference and priority over all creditors, including but not limited to intervenors’ vendors’ lien.
Intervenors have appealed that judgment and specify the following errors:
1. The trial court’s judgment ordering that the proceeds of the judicial sale of the property be paid to the mortgage creditor in preference to Appellants’ vendors’ privilege for the balance of the purchase price was error, and
2. The trial court erred when it sustained Appellee’s objection to Appellants’ introduction or proffer of any evidence other than those documents stipulated to.
As noted previously, the trial judge allowed appellants to proffer the testimony of Mrs. Lopez. Moreover, the testimony regarding the defaulted note is not determinative of whether intervenors’ alleged vendors’ lien primes Pelican’s first mortgage. Thus, specification of error number two lacks merit.
Pelican further urges that even assuming intervenors retained their vendors’ privilege the privilege would still be primed by Pelican’s first mortgage and its La.R.S. 6:830(H)(1) vendor’s privilege.
La.R.S. 6:830(H)(1) provides in pertinent part:
All mortgages executed upon immovable property in Louisiana in favor of associations organized and operating under the laws of the state shall have a rank equal to that of a vendor’s privilege upon immovable property and shall have priority over all other liens, privileges, encumbrances, and mortgages upon the property, and the improvements and component parts thereon which are recorded or arise in any manner subsequent to the date of recordation of the mortgage in favor of the association ... [Emphasis added].
In Home S. & L. Ass’n v. Tri-Parish Ventures, 505 So.2d 165, 167 (La.App. 4th Cir.1987), our brothers in the fourth circuit explained:
While LSA-R.S. 6:830 does create a vendor’s privilege upon the mortgaged property, the privilege has priority only over those “other liens, privileges, encumberances, and mortgages upon the property ... which are recorded or arise in any manner subsequent to the date of the recordation of the mortgage in favor of the association ...” LSA-R.S. 6:830(H)(1). [Emphasis added].
In the case at bar the intervenors’ vendors’ lien arose prior to the recordation *947 of Pelican’s first mortgage. Thus, La.R.S. 6:830(H)(1) does not apply. As explained in De L’Isle v. Succession of Moss, 34 La. Ann. 164, 166-67 (1881):
It would indeed be unjust to place an unpaid vendor on a footing of equality with the other creditors of the purchaser, and permit these to devour his substance; for it is only on condition that the price of the thing sold has been paid, that the purchaser acquires an indefeasible title of ownership to the property, and that his creditors can be paid ... It springs from the very nature of the contract of sale, of which it is a legal concomitant. It exists without stipulation, and adheres tenaciously to the thing sold. It is invariably considered as retained, unless renounced in language unmis-takenly clear, or by acts evidently designed to destroy effectually the presumption of its retention. [Emphasis added] ...
It is the price that is protected by the privilege. By the sale the vendor increases the estate of the purchaser. It would be iniquitous to permit the property sold to become the prey of the creditors of the purchaser, without requiring as a condition precedent, the payment of its costs, [citations omitted].
The circumstances, however, support the trial court’s conclusion that the vendors’ privilege was waived.
Intervenors executed an authentic act in which they clearly stated they were executing “a mortgage [which was] inferi- or and subordinate” to Pelican’s mortgage.
In addition, the act of sale recites that intervenors/vendors “hereby acknowledge the receipt thereof [of the cash] and grant full acquittance and discharge therefor.” By its own terns, the above statement of “full acquittance and discharge” expresses that there is no privilege. Inter-venors/vendors by these words discharged the purchasers from any debt owed to them. We conclude the language expresses a clear intent to waive the vendors’ privilege. De L’Isle, supra.
The trial court evidently concluded from Pelican’s admission in answer that the $150,000.00 note was the balance of the sales price and that the act of sale reciting it was a cash sale was in error. However, the trial judge obviously found that the vendors’ lien was waived in favor of Pelican’s mortgage. The trial court’s conclusion is further bolstered by the absence of any recordation of the vendors’ lien so as to protect intervenors/vendors against third parties. La.R.S. 9:2721.
Finally, Pelican filed a motion to complete the record on appeal urging that in-tervenors filed documents in response to a request for production after judgment had been rendered. Pelican asserts that if this court should consider intervenor’s documents then Pelican should be allowed to complete the record by filing other documents. We deny the motion since the documents were not before the trial court and do not form the basis of its conclusion. Spencer v. Spencer, 261 So.2d 702 (La.App. 4th Cir.1972); Sampay v. Davis, 342 So.2d 1186 (La.App. 1st Cir.1977). Therefore, we do not consider the documents filed after the judgment. Accord Duckworth v. Winn-Dixie, 490 So.2d 408 (La.App. 5th Cir.1986), writ denied 495 So.2d 303 (La.1986).
Accordingly, for the reasons stated the trial court’s judgment in favor of Pelican decreeing that Pelican be paid at the Sheriff’s sale with preference and priority over all creditors is affirmed at appellants’ cost.
AFFIRMED.