PER CURIAM.
Application denied.
The decision in Home Savings and Loan Association v. Tri-Parish Ventures, Ltd., 505 So.2d 165 (La.App. 4th Cir.1987) involved a situation in which a judgment debtor owned the property before mortgaging the property to the homestead association in a refinancing transaction. Therefore, the prior recorded judicial mortgage against the party who owned the property before granting the mortgage outranked any vendor’s privilege arising from the mortgage and conferred on the homestead association by virtue of La.Rev.Stat. 6:830H.
In the present case there was no homestead association involved, and the discussion by the court of appeal of the purpose and effect of La.Rev.Stat. 6:830H was clearly dicta.[1] The holding of the present ease is simply that a vendor’s privilege (now assigned to a third party) arising from a sale to the vendee outranks a prior recorded judicial mortgage against the vendee.
MARCUS and DENNIS, JJ., would grant the writ.

. The amicus curiae brief by the Louisiana League of Savings Associations urges us to grant certiorari and declare that a mortgage under La.Rev.Stat. 6:830H confers to a homestead association the same vendor’s privilege as a sale and resale transaction. Such a declaration, just like the contrary declaration by the court of appeal, would be pure dicta.