KNOLL, Judge.
The sole question in this appeal is whether the vendor’s liens, timely recorded on June 28, 1984, and June 5,1986, are preferentially ranked over a previously recorded judicial mortgage, dated October 16, 1979, against one of the vendors in the chain of title of the property. The trial court held that the vendors lien outranked the previously recorded judicial mortgage.
On October 16, 1979, Ethel Darden recorded a judicial mortgage in her favor and against her former husband, Roger Dar-den, for past due alimony and for wrongful conversion of her private property. Five years later, on June 28, 1984, Roger Dar-den purchased Lot 64 of the Topsy Ranch from Cyril and Rose Verret, paying part of the purchase price and securing the balance by a vendor’s privilege. Two years later, on June 4, 1986, the Verrets sold Roger Darden Lot 61 of the same subdivision using the same method for securing payment of the purchase price as was used before. Both vendor’s liens were properly perfected.
On June 26, 1986, Roger Darden sold Lots 61 and 64 to David Rougeau and Louisa L. Rougeau. This property was by warranty deed; the consideration included the Rougeaus’ assumption of Darden’s in-debtednesses to the Verrets.
The Rougeaus’ default on their mortgage payments prompted the Verrets to petition the trial court for executory process, and have the property seized and sold to satisfy the unpaid balance. Only the Rougeaus were made defendants.
In conjunction with the seizure and sale, the Calcasieu Parish Sheriff’s Office would not cancel the earlier recorded judicial mortgage in favor of Ethel Darden. Accordingly, the Verrets provoked a summary proceeding against Ethel Darden, asking the trial court to rank their vendor’s lien ahead of the judicial mortgage. In response to the rule to show cause, Ethel Darden filed a peremptory exception of non-joinder of an indispensable party and a dilatory exception of non-joinder of a necessary party.
On the basic issue of the ranking, we find that Lawyers Title Insurance Corporation v. Valteau, 563 So.2d 260 (La. 1990), is dispositive. In Lawyers Title at page 261, the Supreme Court stated, "... [A] vendor’s privilege ... arising from a sale to the vendee outranks a prior recorded judicial mortgage against the vendee.’’ Therefore, we find no error in the trial court’s ruling.
We likewise find no merit to the argument that Darden’s sale of the two lots to the Rougeaus by warranty deed defeated the preferential ranking of the Verrets’ vendor’s privilege. The vendor’s lien was perfected when the Verrets sold Roger Darden the two lots. The subsequent sale by Roger Darden to the Roug-eaus cannot defeat the security device established in favor of the Verrets.[1]
Ethel Darden next concludes without citation or argument that Roger Darden and his present wife, Roberta Darden, were either necessary or indispensable parties. Likewise, she asserts again without citation *1241 or argument that the Verrets’ actions are flawed because the promissory notes signed by the Dardens are undated. Uniform Rule 2-12.4, Courts of Appeal require that assignments of error not briefed are considered abandoned. Ethel Darden’s failure to argue these points of law are considered by us as an abandonment of those assignments of error. Therefore we shall not address these two issues.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Ethel Darden.
AFFIRMED.

. As an aside, an interesting question is whether Roger Darden's sale to the Rougeaus, a sale with assumption, is secured by the vendors privilege. See De L'isle v. Succession of Moss, 34 La.Ann. 164, 167 (1882).