J^CARTER, C.J.
Rosemary Cucehero appeals a trial court judgment revoking her appointment as representative of her father’s succession.
FACTS AND PROCEDURAL HISTORY
Frank Cucehero, Jr., died testate in 1994. His wife predeceased him. He was survived by six major daughters, Antoinette Cucehero O’Neil, Carol Cucehero Lockhart, Janet Cucehero Wingerter, Carmela Cucehero Brehm, Rosemary Cuc-chero, and Kathleen Cucehero Savorgnan. Mr. Cucehero did not name an executrix of his estate in his will. Rosemary petitioned the court and was appointed representative of her father’s succession in 1995. Rosemary estimated the value of her father’s estate to be $193,265.
In 1996, Antoinette, Janet, Carmela and Kathleen (collectively, “movants”) filed a motion to revoke Rosemary’s appointment as succession representative. They alleged that Rosemary had mismanaged the estate by incurring unnecessary legal expenses, failing to file an annual account, erroneously alleging assets that caused the estate to incur additional unnecessary attorney’s fees, using her position as dative testamentary executrix to harass the mov-ants, and by failing to clear up a title problem, which caused the estate to incur additional costs. The trial court granted the motion and removed Rosemary as succession representative. On appeal, this court found the trial court committed legal error in refusing to entertain testimony by the parties on all issues raised in the motion to revoke. Accordingly, this court vacated the order revoking Rosemary’s appointment and remanded the case to the trial court for a full evidentiary hearing on the motion. Succession of Cucehero, 97-0771, pp. 3-4 (La.App. 1st Cir.4/8/98), 711 So.2d 402, 403.
In 2001, movants filed a motion to reset the hearing on the motion to revoke. They again alleged Rosemary had mismanaged the estate by including in the tableaux of distribution accountant’s and attorney’s fees for work that was not done for the benefit of the succession, failing to collect a debt owed to the succession, paying debts and charges not incurred in the administration of the ^succession, and failing to file annual accountings. Movants further alleged that the law firm representing Rosemary in her capacity as ad-ministratrix had failed to act prudently in its capacity as attorney for the succession and sought the law firm’s replacement by an attorney appointed by the trial court. After a hearing, the trial court granted the motion to revoke and ordered that Rosemary be removed as administratrix of the succession. The trial court subsequently denied a motion for new trial. Rosemary now appeals.
DISCUSSION
A party seeking removal of a succession representative must prove by convincing evidence that the representative breached her fiduciary duty to the succession under LSA-C.C.P. art. 3191 or the existence of one of the grounds for removal enumerated in LSA-C.C.P. art. 3182. Succession of Montgomery, 452 So.2d 297, 299-300 (La.App. 2nd Cir.1984); Succession of Houssiere, 247 La. 764, 174 So.2d 521, 525 (1965). Those grounds include disqualification, incapability of discharging the duties of office, mismanagement of the estate or failure to perform any duty imposed by law or court order. LSA-C.C.P. art. 3182.
It is only after such a showing is made that the court’s power to remove the representative comes into existence. Succession of Houssiere, 174 So.2d at 525 (1965). Thereafter, the trial court is not *453 required to remove the representative, but is vested with discretion in determining whether removal is appropriate under the facts of the particular case. Succession of Krushevski, 528 So.2d 743, 744 (La.App. 4th Cir.1988). The trial court’s decision regarding removal of the representative will not be disturbed absent an abuse of discretion. In re Succession of LaFleur, 99-1100, p. 3 (La.App. 3rd Cir.12/8/99), 752 So.2d 237, 238, writ denied, 2000-0446 (La.3/31/00), 759 So.2d 74.
In deciding this matter, the trial court considered attorney’s fees incurred and paid by the succession, attorney’s fees pending in a tableau of distribution, and attorney’s fees not yet billed and not yet submitted to the court for payment. On appeal, Rosemary contends the trial court erred in considering as an element of mismanagement those attorney’s fees and expenses that had not been billed |4to the succession and not submitted to the trial court for payment. We agree. The Louisiana Supreme Court made clear in Succession of Houssiere, 174 So.2d at 525, that the potential submission of attorney’s fees for payment by a succession is not an act of mismanagement. It is something that may be done in the future as to which the complaining heirs have an adequate remedy under LSA-C.C.P. arts. 3303-3307. Moreover, once submitted to the court for payment, even if unopposed by the heirs, the judge may refuse the representative the authority to pay if he or she feels the charge is exorbitant. LSA-C.C.P. art. 3301; Succession of Houssiere, 174 So.2d at 525.
We find the trial court committed legal error in admitting and considering evidence regarding attorney’s fees not yet submitted for payment. Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the reviewing court should make its own independent de novo review and assessment of the record. Campo v. Correa, 2001-2707, p. 10 (La.6/21/02), 828 So.2d 502, 510. Therefore, based on the legal error of the trial court, we review the removal issue de novo.
Prior to its repeal by La. Acts 1960, No. 30, § 2, LSA-C.C. art. 1191 imposed on succession representatives a duty to render an annual accounting. On failure to do so, the article mandated that the representative be dismissed from office and pay interest on all sums for which he may be responsible. However, in interpreting the article, the Louisiana Supreme Court held that cause for removal of a representative existed only after the representative failed to comply with a court order directing him to file an account. Succession of Head, 28 La. Ann. 800 (1876).
In 1960 LSA-C.C. art. 1191 was replaced by a new statutory scheme set forth in the Code of Civil Procedure. Under that new scheme, LSA-C.C.P. art. 3182 does not mandate removal, but provides the trial court with discretion to remove a succession representative in certain circumstances, including the representative’s failure to perform any duty required by law or order of the court. | ^LSA-C.C.P. art. 3331 imposes on the representative a duty to render an annual accounting. LSA-C.C.P. art. 3334 provides for removal of a succession representative who has failed to file an account after being ordered to do so by the court and further provides for penalties pursuant to LSA-C.C.P. art. 2502.
Unlike the law at the time Succession of Head was decided, the current law does not mandate removal of the succession representative for failure to file an annual *454 accounting.[2] Both the third and fourth circuits have recognized that under the current law, a representative’s failure to file an annual accounting is one of the grounds for which the court has the discretionary power to remove the representative. Succession of Voland, 296 So.2d 406, 408 (La.App. 4th Cir.), writ refused, 300 So.2d 184 (La.1974); Succession of Roy, 192 So.2d 603, 605 (La.App. 3rd Cir.1966). Considering the changes effected in the law, we agree.
Rosemary was appointed succession representative July 31, 1995. Prior to the October 29, 2001 hearing on the motion to revoke, the record reflects that she filed only one provisional accounting in 1996. She did, however, petition and receive court authority to pay attorney’s fees and expenses during that time. Annual accounts would have provided the heirs and the court with a concise statement showing money and property received at the beginning of each year, all revenues and disbursements during the year, and the amount remaining. See 10 Frederick William Swain, Jr. & Kathryn Venturatos Lo-rio, Louisiana Civil Law Treatise: Successions and Donations § 16.19 (1995). Thus, an annual accounting would have allowed the trial court to easily compare payments made during the year to the value of the succession’s assets. Such information would have been particularly relevant in this case, considering the trial court’s concern over the total amount of attorney’s fees incurred.
Considering the foregoing, we affirm the trial court’s judgment removing the succession representative.
^CONCLUSION
For the reasons set forth herein, the judgment of the trial court removing Rosemary Cucchero as representative of the succession of Frank Cucchero, Jr. is affirmed. Costs of this appeal are to be divided equally between the appellant and the appellees with 50% assessed to Rosemary Cucchero and 50% to Antoinette Cucchero O’Neil, Janet Cucchero Wingerter, Carmela Cucchero Brehm and Kathleen Cucchero Savorgnan.
AFFIRMED.

. The law regarding assessment of penalties for failing to file an accounting did not change. Penalties are still available only when the representative fails to file an accounting after being ordered to do so by the court. LSA-C.C.P. art. 3334.