985 So.2d 140 (2008)
SUCCESSION of Emory Lea GRAVES, Sr.
No. 2007 CW 2180.
Court of Appeal of Louisiana, First Circuit.
March 12, 2008.
Writ Denied June 6, 2008.
Raymond C. Burkart, Jr., Katherine Ogburn Burkart, Raymond C. Burkart, Jr., LLC, Covington, LA, for Relators, Anne Elizabeth Graves and Christy Graves.
Michael S. Fawer, Thomas Schafer, III, Covington, LA, for Respondent, Julie Kennedy Fagan.
Before WHIPPLE, GUIDRY and HUGHES, JJ.
PER CURIAM.
This case is one of several arising out of the 2001 murder-suicide of Emory Lea Graves, Sr. and Sylvia Acosta Kennedy Graves. The instant writ application challenges a district court judgment granting the motion of Julie Kennedy Fagan (daughter of Sylvia Kennedy Graves) to remove Anne Graves and Christy Graves as co-executrixes of their father's succession as well as the court's denial of relators' motion to appeal that judgment.
*141 The litigation has been long and acrimonious. Ms. Fagan alleged a number of circumstances regarding the sisters' administration of the estate which she claimed constituted grounds for their removal under La. C.C.P. art. 3182. At the hearing on this matter, counsel for Ms. Fagan introduced the record of the proceedings as evidence to support the motion.
A trial court's decision regarding removal of a succession representative will not be disturbed absent an abuse of discretion. In re Succession of Cucchero, XXXX-XXXX (La.App. 1 Cir. 2/14/03), 845 So.2d 450, 453. However, the power to remove only comes into existence when there is convincing evidence of an act or acts of mismanagement. Succession of Crain, 450 So.2d 1372, 1374 (La.App. 1 Cir.1984).
Pursuant to our review of this matter, we find that the documentation presented to this Court supports a finding that there exists convincing evidence of grounds for removal. Under these circumstances, the district court did not abuse its discretion in removing the sisters as co-executrixes of their father's succession.
Further, under the particular facts of this case, we find no abuse of the district court's discretion in appointing a third party as dative testamentary executrix of the succession. See In re Succession of Lofaso, 609 So.2d 856 (La.App. 5 Cir.1992).
Finally, we note relators' contention that the district court erred in denying their motion for appeal of the instant judgment. Louisiana Code of Civil Procedure Article 2083, as amended by 2005 La. Acts, No. 205 § 1, effective January 1, 2006, now provides that interlocutory judgments are appealable only "when expressly provided by law." Relators rely on language contained in Louisiana Code of Civil Procedure articles 2122 and 2974 to support their argument in this regard. These articles address matters applicable to the review of judgments such as the instant one appointing or removing succession administrators, but they do not expressly provide that such review will be by appeal. Accordingly, we find that, under Article 2083 as amended, no appeal lies from a judgment appointing or removing a succession administrator; such judgments may appropriately be reviewed under this Court's supervisory jurisdiction.
For the reasons expressed, the application is denied.
WRIT DENIED.