KUHN, J.
|2The defendants-appellants, Linda Ann L. Naquin, Mary Ann L. Billiot and Jerry J. LeBouef (the defendants), appeal a judgment removing them as co-administrators of their father’s succession and holding them in contempt of court. For the following reasons, we affirm the defendants’ removal as co-administrators, reverse the portion of the judgment holding them in contempt, and remand this matter.

FACTS AND PROCEDURAL BACKGROUND

The parties are several of the sixteen surviving, major children of decedent, Edward J. LeBouef, who died on July 15, 2011. In accordance with a petition filed by the defendants, the district court signed an order on August 19, 2011, appointing them co-administrators of their father’s succession for the purpose “of maintaining decedents’ [sic] house ... and gathering a list of decedent’s assets and liabilities.” Each defendant signed an oath to discharge faithfully the duties of a co-administrator.
In November 2011, seven of the defendants’ siblings, Willard J. LeBouef, Sr., Gillis LeBouef, Mary Lou L. Lambas, Jimmie J. LeBouef, Brenda Lee L. Rodrigue, Betty Marie L. Mills, and Wiley LeBouef (the plaintiffs), filed a motion to remove the defendants as co-administrators and to appoint Willard LeBouef, Sr., as succession administrator. The plaintiffs alleged that the defendants mismanaged the suc *530 cession, failed to file an accounting or list of assets and liabilities, withheld information regarding the decedent’s last will and testament, exceeded the authority granted to them in the August 2011 order appointing them co-administrators, and acted without necessary court approval on multiple occasions. The plaintiffs requested that the defendants be held in contempt of court for failing to comply with the August 2011 order and for violating their oaths of office.
At the motion hearing, the defendants admitted to performing various acts beyond the scope of maintaining the decedent’s house and gathering a list of his assets and liabilities. They also failed to file a written list of succession assets and liabilities. | ^Additionally, although several of the defendants’ actions were of the type requiring court approval, they failed to obtain such approval. These acts included the sale of succession assets, distribution of succession assets, and the payment of compensation to themselves as co-administrators.
In explanation of their conduct, the defendants testified that they consulted with their attorney, Paul Lapeyrouse, and relied upon his advice in their actions as co-administrators. They denied having knowledge that court approval was required for any of their actions. Jerry LeBouef testified that the reason they hired an attorney was so that he could “let us know the legal process.” Regarding the plaintiffs’ allegation that the defendants withheld information concerning the decedent’s last will and testament, Mary Ann Billiot testified that she delivered the will to their attorney, who then decided what to do with it.
The district court took the matter under advisement, and on February 9, 2012, signed judgment in favor of the plaintiffs ordering the defendants’ removal as co-administrators and the appointment of Willard LeBouef, Sr., as administrator of the decedent’s succession. The defendants’ attorney was also removed as the succession’s attorney of record. Additionally, the district court held the defendants in contempt of court “for their wilful disobedience to the judgment of August 19th, 2011 and for their failure to follow their oath of office.... ” The defendants were each sentenced to thirty days in parish jail, suspended on condition that they meet several requirements, including the return of all succession assets taken or dispersed by them without court approval and the payment of $3,000.00 for Willard LeBouef, Sr.’s attorney fees. The defendants took a suspensive appeal, contending that the district court erred in removing them as co-administrators, in holding them in contempt, and in imposing Lcriminal penalties for their alleged civil contempt.[2] The plaintiffs filed a motion in this Court for summary disposition of the appeal.

MOTION FOR SUMMARY DISPOSITION OF APPEAL

Before considering the issues raised by the defendants on appeal, we *531 must first consider the plaintiffs’ motion for summary disposition, since the motion raises an issue as to our appellate jurisdiction. See State in Interest of J.C., 13-0776 (La.App. 1st Cir.9/13/13), 134 So.3d 611, 614. In their motion, the plaintiffs contend that this Court’s prior decision in In re Succession of Graves, 07-2180 (La.App. 1st Cir.3/12/08), 985 So.2d 140, 141 (per curiam), writ denied, 08-0799 (La.6/6/08), 983 So.2d 919, establishes that the defendants’ appeal must be dismissed on the grounds that a judgment removing a succession administrator is a nonappealable interlocutory judgment.[3]
Conflicting pronouncements by this Court have created uncertainty concerning whether a judgment appointing or removing a succession administrator is appeal-able or is reviewable by supervisory writ. For this reason, although this matter originally was heard before a three-judge panel, this Court subsequently elected to hear it en | fbanc in order to resolve the conflict and clarify the law of this circuit.[4]
In Succession of Schneider v. Schneider, 371 So .2d 1380, 1382 (La.App. 1st Cir. 1979), this Court held it was apparent that La. C.C.P. arts. 2122 and 2974 contemplated that review of judgments appointing or removing succession representatives[5] would be by appeal. This holding was based on the express language of Articles 2122 and 2974, which this Court concluded authorized such appeals, and not on the fact that La. C.C.P. art. 2083 at that time allowed the appeal of an interlocutory judgment that “may cause irreparable injury [.]”
Louisiana Code of Civil Procedure article 2122 provides:
A judgment or order of a trial court appointing or removing a legal representative shall be executed provisionally notwithstanding an appeal therefrom.
A judgment rendered on appeal vacating a judgment or order of the trial court appointing a legal representative does not invalidate any of his official acts performed prior to the rendition of the judgment of the appellate court.
[Emphasis added.]
Louisiana Code of Civil Procedure article 2974 provides:
Appeals from orders or judgments rendered in succession proceedings shall be *532 governed by the rules applicable to appeals in ordinary proceedings, except that an order or judgment confirming, appointing, or removing a succession representative, or granting an interim allowance under Article 3321 shall be executed provisionally, notwithstanding appeal.
The acts of a succession representative shall not be invalidated by the annulment of his appointment on appeal.
[Emphasis added.]
| ^Subsequent to the decision in Schneider, a different panel of this Court reached a contrary result in Graves, 985 So.2d at 141, stating in a published per curiam action denying a supervisory writ that “no appeal lies from a judgment appointing or removing a succession administrator^]” In reaching this result, the Graves court specifically rejected the argument that La. C.C.P. arts. 2122 and 2974 authorized an appeal of a judgment appointing or removing a succession representative, reasoning that the current version of La. C.C.P. art. 2083 (as amended by 2005 La. Acts, No. 205, § 1) now allows appeals of interlocutory judgments “only when expressly provided by law.” Graves, 985 So.2d at 141. The Graves court opined that, while Articles 2122 and 2974 addressed matters pertinent to the review of judgments appointing or removing a succession representative, they did not expressly provide for the review to be by appeal. Graves, 985 So.2d at 141. On that basis, the Graves court declared that no appeal lies from such judgments, which were reviewable only under this Court’s supervisory jurisdiction. The Graves opinion was silent as to this Court’s prior holding in Schneider.
More recently, still another panel of this Court cited the Schneider decision with approval, reaffirming the holding of Schneider that a judgment appointing or removing a succession representative is an appealable judgment under La. C.C.P. art. 2974. See In re Succession of Sharp, 11-1984 (La.App. 1st Cir.5/14/12), 2012 WL 1744467 (unpublished). A conclusion that the language of Article 2974 satisfies the requirements of Article 2083(C) is implicit in the Sharp holding, since the Court expressly recognized that this Article provides that interlocutory judgments are ap-pealable only when “expressly provided by law.” Sharp, 11-1984 at p. 4, 2012 WL 1744467. The Sharp opinion makes no reference to the Graves case.
Thus, different panels of this Court have reached conflicting conclusions regarding the appealability of judgments appointing or removing succession representatives. After reviewing the law and the conflicting jurisprudence, we [7conclude the rationale adopted by this Court in Schneider and Sharp is well founded and, accordingly, we adhere to the holdings of those cases and overrule the per curiam decision rendered in Graves. The primary consideration leading to our conclusion is the express language of La. C.C.P. arts. 2122 and 2974.
The rules of statutory construction require that in examining codal articles, a court must read the language, words and phrases used in context and accord them their generally prevailing meaning. See La. C.C. art. 11; also see La. R.S. 1:3. Courts must presume that every word in a provision was intended to serve some useful purpose, that some effect is to be given to each such word, and that no unnecessary words were employed. Thus, courts are bound to give effect to all parts of a code article and to construe no sentence, clause or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found. City of New Orleans v. Louisiana Assessors’ Retirement and Relief Fund, 05-2548 (La.10/1/07), 986 *533 So.2d 1, 17; Moss v. State, 05-1968 (La.4/4/06), 925 So.2d 1185,1196.
Louisiana Code of Civil Procedure art. 2122 provides that a judgment appointing or removing a legal representative “shall be executed provisionally, notwithstanding an appeal therefrom.” (Emphasis added.) The article also addresses the legal consequences that follow when a trial court judgment appointing a legal representative is vacated “on appeal.” (Emphasis added.) Additionally, La. C.C.P. art. 2974 provides that “[ajppeals” from judgments rendered in succession proceedings are governed by the same rules applied to appeals in ordinary proceedings, “except that an order or judgment confirming, appointing, or removing a succession representative ... shall be executed provisionally, notwithstanding appeal.” (Emphasis added.) The article further provides that “[t]he acts of a succession representative shall not be invalidated by the annulment of his appointment on appeal.” (Emphasis added.)
|sThe only logical interpretation to be drawn from the use of the particular term “appeal” in these provisions is that Articles 2122 and 2974 contemplate that appeals are authorized from judgments appointing or removing succession representatives. Any other interpretation would render the repeated use of the word “appeal” in these articles meaningless.
In Graves, 985 So.2d at 140, a different panel of this Court concluded that while Articles 2122 and 2974 addressed matters pertinent to the review of judgments appointing or removing succession representatives, these articles did not expressly provide for the review to be by appeal. We find this conclusion flawed in that it ignores the express language of these provisions, as well as the placement of Article 2122. The location of Article 2122 in the section of the Louisiana Code of Civil Procedure that addresses procedures for appeals is a fact inescapably supporting a conclusion that the article contemplates appeals from judgments appointing or removing legal representatives (including succession representatives).[6] Otherwise, the placement of Article 2122 in the section of the code specifically dealing with appeal procedures would be illogical. It is also noteworthy that the title of Article 2974 (which specifically refers to judgments appointing or removing succession representatives within its scope) is “Appeals.”
Our present reading of Articles 2122 and 2974 as expressly allowing appeals from judgments appointing or removing succession representatives not only is in conformity with the clear language and placement of those articles, it also comports more reasonably with the rules of logic than a conclusion to the contrary. In reaching this conclusion, we also are mindful of the well-settled principle that appeals are favored. An appeal should be maintained unless the grounds urged for dismissal are free from doubt. Castillo v. Russell 05-2110 (La.2/10/06), 920 So.2d 863.
| ¡Accordingly, we deny the plaintiffs’ motion for summary dismissal of the defendants’ appeal. However, since Articles 2122 and 2974 specifically provide that a judgment appointing or removing a succession representative shall be “executed provisionally notwithstanding an appeal,” appeals taken from such judgments are necessarily devolutive. See Succession of Heinig, 192 La. 388, 390, 188 So. *534 • 39 (1939) (under Louisiana Code of Practice (1932) articles 580[7] and 1059[8] — the source provisions of Article 2122 and 2974-a suspensive appeal cannot be taken from, a judgment appointing a succession administrator); see also Miller v. Miller, 35,934 (La.App.2d Cir.5/8/02), 817 So.2d 1166,- 1173, writ denied, 02-1890 (La.10/25/02), 827 So.2d 1154 (since a judgment removing a trustee “shall be executed provisionally” under La. R.S. 9:1791, it is analogous to a judgment removing a succession representative, which is not subject to suspensive appeal). Accordingly, we convert the defendants’ appeal from a suspensive appeal to a devolu-tive appeal and maintain it as such.

REMOVAL OF CO-ADMINISTRATORS

The defendants contend that the district court erred in removing them as succession co-administrators because no ground for their removal was established. They maintain that the record contains no proof of mismanagement and that they have discharged their fiduciary duties faithfully and in concert.
A party seeking removal of a succession representative must either prove by convincing evidence that the representative breached his fiduciary duty to the 1 ^succession under La. C.C.P. art. 3191 or the existence of one of the grounds for removal enumerated in La. C.C.P. art. 3182. In re Succession of Cucchero, 02-0368 (La.App. 1st Cir.2/14/03), 845 So.2d 450, 452. The grounds for disqualification under La. C.C.P. art. 3182 include the representative’s failure to perform, any duty imposed by law or court order.
A district court is authorized to remove a representative, only after such a showing is made. Succession of Cucche-ro, 845 So.2d at 452. At that point, the district court is vested with discretion in determining whether removal of a succession representative is appropriate under the particular facts. Absent an abuse of discretion, the district court’s decision regarding removal of a succession representative will not be disturbed on appeal. Succession of Cucchero, 845 So.2d at 452-53.
In this case, the district court initially gave no reasons on the record for its decision to remove the defendants as co-administrators. In subsequently denying the defendants’ motion for new trial, however, the district court -explained its rationale as follows:
Article 3182 expressly authorizes the Court to remove any succession representative who fails to perform any duty imposed by law or by court order.... The court has previously found that [the defendants] have not complied with the general and specific duties required of a succession administrator or representative pursuant to the Louisiana Code of Civil [Procedure. They sold succession assets, distributed succession assets, paid themselves and entered into at least one contract which affected succession assets-all without court approval and over the objection of man[y] of the heirs. They may have acted in good *535 faith, albeit unwisely and without full knowledge of their duties and powers. Nonetheless, their unauthorized acts are grounds for removal.
Based on our review, we agree with the district court' that grounds for removal existed. Further, we find no abuse of discretion in the district court’s decision to remove the defendants as co-administrators on those grounds. As the district court stated, La. C.C.P. art. 3182 authorizes the removal of a succession representative who “has failed to perform any duty imposed by law.” The record unequivocally establishes that the defendants on numerous occasions breached their statutory duty launder La. C.C.P. art. 3191 to “manag[e] the property of the succession in accordance with law.” Specifically, the defendants sold succession property without first obtaining court approval for the sale as La. C.C.P. arts. 3261 and 3281(A) required them to do and listed the decedent’s house for sale with a realtor without obtaining court approval, a violation of La. C.C.P. art. 3286. The defendants also violated La. C.C.P. art. 3351 by paying compensation to themselves without court approval prior to the homolo-gation of the final account.
Further, the defendants failed in the duty imposed upon them by La. C.C.P. art. 3222 to “deposit all moneys collected by [them] as soon as received, in a bank account in [their] official capacity ... and [to] not withdraw the deposits or any part thereof, except in accordance with law.” Linda Naquin was a named co-signor on one of the decedent’s bank accounts. Rather than depositing the funds from this bank account into the succession account, the defendants kept the decedent’s existing account open and used it to pay succession debts, all without court approval. The defendants also distributed substantial funds to both their siblings and themselves from the succession account without obtaining court approval. Finally, the defendants violated La. C.C.P. arts. 3301 and 3303(A) by paying succession debts without court approval.
Considering the defendants’ repeated failure to comply with their duty to manage the succession in accordance with the requirements of law, the judgment removing them as succession co-administrators was not an abuse of discretion.

CONTEMPT

The defendants also contend the district court abused its discretion in holding them in contempt of court because the record is devoid of evidence that they intentionally and knowingly disobeyed an order of the court or intended to obstruct justice, impair the dignity of the eourt, or impair respect for the court, without justification. The defendants emphasize that, in addition to being intentional, ah act or omission constituting contempt also must be committed • without justification. As | ^justification for their conduct in exceeding their authority and acting without the requisite court approval, the defendants claim that they acted in accordance with their attorney’s advice after discussing all succession matters with him before taking any action.[9] They further assert that the contempt judgment is reversible because the district court failed to recite the facts constituting their acts of contempt as it *536 was required to do by La. C.C.P. art. 225(B).
Under La. C.C.P. art 221, a contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. A direct contempt of court is one committed in the presence of the court or a contumacious failure to comply with a subpoena or summons. La. C.C.P. art. 222. Constructive contempt is any contempt other than a direct one. La. C.C.P. art. 224. The willful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. La. C.C.P. art. 224(2).
In order to find a person guilty of constructive contempt, it is necessary that the violation be intentional, knowing, purposeful, and without justifiable excuse. Boudreaux v. Vankerkhove, 07-2555 (La.App. 1st Cir.8/11/08), 993 So.2d 725, 733; Barry v. McDaniel, 05-2455 (La.App. 1st Cir.3/24/06), 934 So.2d 69, 73. Moreover, contempt proceedings must be strictly construed, and our law does not favor extending their scope. “Unless a litigant willfully disobeys a direct order of the court issued prior to the contempt rule, he should not be held in eontempt[.]” Albritton v. Fidelity National Bank Trust for Albritton Through Hibernia National Bank, 619 So.2d 1170, 1173 (La.App. 1st Cir.1993), citing Kent v. Stewart, 413 So.2d 583, 584 (La.App. 1st Cir.1982). A district court has great discretion in deciding whether to hold a party in contempt of court for disobeying a court order, and its decision should be | iareversed only when an appellate court discerns an abuse of that discretion. Boudreaux, 993 So.2d at 733.
When a district court finds a person guilty of contempt, La. C.C.P. art. 225(B) requires the court to render an order reciting the facts constituting the contempt. Even when the district court fails to recite the facts constituting contempt in a written order, however, the jurisprudence has recognized that this requirement is satisfied if such facts are recited by the district court in open court. Barry, 934 So.2d at 73; Garrett v. Andrews, 99-1929 (La.App. 1st Cir.9/22/00), 767 So.2d 941, 942.
In the instant case, the record establishes that the defendants unquestionably exceeded the authority granted to them in the August 2011 order appointing them as co-administrators, which was to maintain the decedent’s house and to gather a list of decedent’s assets and liabilities. As previously discussed, the defendants also performed numerous intentional acts that required court approval without first obtaining such approval. Nevertheless, the defendants testified that they performed these acts upon the advice of their attorney and that they were ignorant of the requirements for court approval.
In finding the defendants guilty of contempt, the district court failed to recite specific facts constituting their acts of contempt, as it was required to do by Article 225(B). The district court merely stated its conclusion that the defendants were guilty of “wilful disobedience of the judgment of August 19th, 2011, and for their failure to follow their oaths of offiee[.]” However, in thereafter denying the defendants’ motion for new trial, the district court stated with regard to the actions taken by the defendants in excess of their authority and without requisite court approval that “[t]hey may have acted in good faith, albeit unwisely and without full knowledge of their duties and powers.” (Emphasis added.)
This factual determination that the defendants may have acted in good faith and out of ignorance is inconsistent with the court’s conclusory statement in *537 the contempt | ^judgment that the defendants were guilty of “wilful disobedience of the judgment of August 19th, 2011[.]” A person cannot be held guilty of constructive contempt for violating a court order absent a finding that he committed the violation intentionally, knowingly, and purposely. Boudreaux, 993 So.2d at 733; Barry, 934 So.2d at 73. In this case, no evidence was presented that the defendants committed the unauthorized acts with the intent either to disrespect the district court’s dignity and authority or knowingly and purposely to violate the court’s August 2011 order. Considering the district court’s conclusion that the defendants may have acted in good faith and out of ignorance, the record does not support the contempt judgment, particularly in light of the fact that contempt proceedings must be strictly construed. See La. C.C.P. art. 224(2) & (10); Albritton, 619 So.2d at 1173.

CONCLUSION

For- the reasons assigned, we overrule the per curiam decision in In Re Succession of Graves, 07-2180 (La.App. 1st Cir.3/12/08), 985 So.2d 140, 141 (per curiam), writ denied, 08-0799 (La.6/6/08), 983 So.2d 919, and hereby deny the plaintiffs’ Motion for Summary Disposition of Appeal. We further order that the instant appeal be converted from a suspensive appeal to a devolutive appeal and maintained as such. Additionally, we reverse the portion of the district court judgment holding the defendants, Linda Ann L. Naquin, Mary Ann L. Billiot and Jerry J. LeBouef, in contempt of court, as well as the sentences and conditions imposed upon them. The judgment of the district court is affirmed in all other respects, and this case is remanded for further proceedings consistent with this opinion. The costs of this appeal are assessed one-half to the defendants-appellants and one-half to the plaintiffs-appellees.
MOTION FOR SUMMARY DISPOSITION OF APPEAL DENIED AND APPEAL MAINTAINED AS DEVOLU-TIVE APPEAL; JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
CRAIN, J. concurs & assigns reasons by Judge KUHN.
THERIOT, J. concurs in part and dissents in part with reasons.
McDONALD, J. concurs for the reasons assigned by Judge HIGGINBOTHAM.
HIGGINBOTHAM, J. concurs in the result and assigns additional reasons.
McCLENDON, J., agrees and assigns additional reasons.
GUIDRY, J. concurs in the result.
McCLENDON, J.,
agrees and assigns additional reasons.
hi agree with the majority opinion, including the reversal of that portion of the district court judgment which held the defendants in contempt of court and imposed sentences and conditions. I assign additional reasons to note that some of the conditions imposed, such as an order for accounting, may nevertheless be appropriate outside of the court’s finding of contempt. However, those issues can be addressed on remand, if necessary.

. The defendants refer in brief to several pleadings filed and rulings made by the district court after the judgment on appeal was rendered. Because events occurring after rendition of the appealed judgment are not before this Court in the instant matter, these pleadings and references are not relevant to the issues raised herein. We hereby deny the defendants' motion to supplement the appellate record with pleadings filed after the instant appeal was taken, since those pleadings were not before the district court at the time of judgment and, therefore, cannot be considered on appeal. See Martin v. Joan Malbrough & Associates, 13-0864 (La.App. 1st Cir.2/18/14), 2014 WL 651535 (unpublished); Pelican Homestead and Savings Association v. Royal Scott Apartments Partnership, 541 So.2d 943, 947 (La.App. 5th Cir.), writ denied. 543 So.2d 9 (La.1989).

.We recognize that a three-judge panel of this Court, with one dissent, previously denied a writ application filed by the defendants seeking review of a judgment rendered in the succession proceedings after the instant appeal was taken, with the following language: "WRIT DENIED. See In re Succession of Graves, 07-2180 (La.App. 1 Cir. 3/12/08), 985 So.2d 140, writ denied. 08-0799 (La.6/6/08), 983 So.2d 919.” See In re: Succession of Edward J. LeBouef, 12-1863 (La.App. 1st Cir. 11/15/12) (unpublished). Nevertheless, the denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction and does not bar this Court from subsequently reconsidering, or even reaching a different conclusion on, the same question. Robinson v. Harlan, 11-0703 (La.App. 1st Cir. 11/9/11), 79 So.3d 1034, 1036, writ granted and appeal reinstated on other grounds, 12-0363 (La.4/9/12), 85 So.3d 131; Dupre v. Maynard, 96-1183 (La.App. 1st Cir.3/27/97), 692 So.2d 36, 38, writ denied, 97-1508 (La.9/26/97), 701 So.2d 986.

. Internal Rules of Court, First Circuit Court of Appeal, Rule 2.1(d)(4) provides for an en banc sitting when a proposed opinion "must resolve a conflict between two or more prior decisions of this Court and it is the opinion of the conference that an en banc sitting is warranted.”

. Under La. C.C.P. art. 5251(10), the term "legal representative” includes a succession administrator and any officer appointed by a court to administer an estate. For purposes of this opinion, the terms legal representative, succession representative, and succession administrator are interchangeable.

. This provision is located in Book III ("Proceedings in Appellate Courts”), Title I ("Appellate Procedure”), Chapter 2 ("Procedure for Appealing”) of the Louisiana Code of Civil Procedure.

. Louisiana Code of Practice art. 580 provided, in pertinent part, that:
Some judgments, however, are executed provisionally, although an appeal has been taken from the same within the delay prescribed, and the necessary surety given.

. Louisiana Code of Practice art. 1059 provided, in pertinent part, that:
When an appeal is made from a judgment appointing or removing ... administrators of successions, such appeal shall not suspend the execution of the judgment, but it shall have effect provisionally, until the appeal be decided.

. Mr. Lapeyrouse, the attorney the defendants hired to advise them and to act as counsel for the succession, represented them throughout the instant proceedings, both in the district court and this Court. At no point did he
dispute the defendants' testimony that they consulted with him and followed his advice in the actions they took in their capacities as co-administrators.