COLE, Judge.
Appellant James Robinson appeals a judgment removing him as administrator of the estate of his late wife, Cedonia Celestin. The issue presented is whether or not the trial court acted properly because of a conflict of interest involving past due alimony. Because we agree with the trial court’s conclusion that there is a serious conflict of interest between Robinson and the succession of Celestin, we affirm.
Exhibits attached to the record show Ce-donia Celestin was granted a judgment of separation from James Robinson on April 22, 1970. Robinson was ordered to pay Celestin $150.00 a month for alimony and for child support. The obligation to pay the alimony was actively litigated in the subsequent years, as evidenced by the several hearings, contempt orders and motions to suspend or reduce the payments. A final judgment of divorce was rendered on November 29, 1978. Cedonia Celestin died on December 27, 1978, prior to the signing of the divorce judgment. The divorce judgment and accompanying order to pay $13,-500.00 in past due alimony were signed on January 4, 1979. Robinson then filed a motion for a new trial. Although a hearing was held on the motion on April 20, 1979, *269 the trial court has not rendered judgment thereon.[1]
Robinson successfully petitioned the court to be appointed administrator of his late wife’s succession. Celestin’s mother, Nellie Celestin, filed a motion to have Robinson removed as administrator, claiming there were conflicts of interest and various acts of mismanagement. The trial judge granted the motion, removed Robinson as administrator and allowed ten days for the appointment of a new administrator. (The record indicates there has been no appointment of an administrator.) In his oral reasons for judgment the judge stated there were two grounds for Robinson’s removal. The first ground was the obvious conflict of interest concerning the alimony arrearages. The second basis for removal was a dispute over certain property insurance proceeds. Because we find that the removal was proper due to the conflict concerning the alimony, we find it unnecessary to address the issue of the insurance proceeds.
Appellant insists there is only a potential (rather than an actual) conflict of interest because no judgment has been rendered on his motion for a new trial and until the matter is finally decided it is unclear whether he owes a debt to the succession. It is true that without acts of mismanagement, a possible or potential conflict of interest is not a sufficient basis for the removal of an administrator. Succession of Kaffie, 273 So.2d 318 (La.App. 3d Cir.1973), writ refused 1973. The conflict in this case, however, is not merely a possible or potential conflict. It is an actual conflict. Granted, until the trial judge finally decides the issue and possible appeals are exhausted, it is uncertain whether or not Robinson will have to pay the alimony arrearages. Nonetheless, there is no question about the existence of the claim against him. As the succession administrator, Robinson would be the proper party plaintiff in any litigation concerning the succession. La.Code Civ.P. art. 685. If a new judgment eliminates or reduces the alimony it would be incumbent upon the succession representative to instruct counsel to appeal the judgment. It is indeed naive to expect Mr. Robinson to attempt diligently to collect the alimony on behalf of the succession and at the same time to protect his own interests from having to pay this sizable judgment.
La.Code Civ.P. art. 3191 sets forth the general duties of the succession representative. It states in part:
“A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.”
A fiduciary is defined by Black’s Law Dictionary as a person having a duty to act primarily for the benefit of another. A potential judgment debtor of approximately thirteen thousand dollars should not be expected to diligently pursue that debt on behalf of the creditor. La.Code Civ.P. art. 3211 specifies that the representative shall “enforce all obligations in its (the succession’s) favor.”
Article 3182 provides several grounds for the removal of the administrator. The pertinent language reads as follows:
“The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.”
Because the circumstances of the instant case prevent Mr. Robinson from acting in a *270 purely fiduciary capacity and because he cannot reasonably be expected to enforce diligently all obligations in the succession’s favor, his removal was justified under La. Code Civ.P. art. 3182 in that he is incapable of discharging the fiduciary duties of his office.
Aside from the foregoing, we note appellant’s counsel in these succession proceedings is also his counsel in the action pending to determine whether or not he owes the accrued alimony. On the one hand his talents are being used to avoid payment of the alimony. On the other hand, he is handling estate matters which include a claim for payment of the alimony on behalf of the succession.[2] We think this is tantamount to mismanagement of the estate and falls within the purview of La.Code Civ.P. art. 3182. Cf. In Be Mulqueeny’s Succession, 156 So.2d 317 (La.App. 4th Cir.1963). See also, Succession of Kaffie, supra; Succession of Houssiere, 247 La. 764, 174 So.2d 521 (1965).
For the foregoing reasons, the judgment of the trial court is affirmed and this case is remanded for further proceedings directed toward the appointment of an administrator of the succession of Cedonia Celestin. Appellant is cast for costs of this appeal.
AFFIRMED AND REMANDED.

. Appellee’s brief asserts a new trial was granted as to the issue of delinquent alimony and child support. The record does not bear out this assertion. To the contrary, the record was supplemented by an affidavit of the Clerk of Court to the effect no judgment has been rendered on the motion for a new trial.

. Although the claim is clothed with an execu-tory judgment, albeit not final, appellant omitted to list it as an asset of the estate on the descriptive list which he caused to be filed and upon which he appears as affiant.