528 So.2d 743 (1988)
SUCCESSION OF Abraham KRUSHEVSKI.
No. CA-9209.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
Rehearing Denied August 11, 1988.
Paul B. Deal, Deborah C. Faust, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for appellee.
Philip P. Spencer, New Orleans, for appellant.
Before BYRNES, CIACCIO and LOBRANO, JJ.
BYRNES, J.
This is an appeal from a judgment refusing to remove Gerald Kendal as testementary executor of the estate of his father, Abraham Krushevski. We affirm.
Mr. Krushevski died in November 1983. He was survived by his wife and two sons, Gerald Kendal and Samuel Krush. His estate was made up entirely of community property which consisted primarily of real estate holdings and was valued at more than three million dollars. Mr. Krushevski's will named his son, Gerald Kendal, as executor of his estate. His other son, Samuel, was named as alternate executor in the event Gerald died, was disqualified, or refused to serve.
A petition to probate Mr. Krushevski's will was granted shortly after his death. As part of that proceeding, Gerald Kendal was qualified as executor and letters testamentary were issued to him on November 18, 1983. In April, 1986, Samuel Krush filed a rule to remove his brother as testamentary executor alleging numerous acts of mismanagement and breach of fiduciary duty. Demand was also made for damages allegedly sustained by the estate as a result of stock transactions made by the executor, improper expenditure of succession funds on the personal property of the executor, and an advance on the executor's fee which he paid himself without first obtaining court approval. Attorney's fees and costs associated with bringing the rule were also demanded. Finally, various accountings *744 submitted by the executor were placed before the court and opposed by Samuel Krush.
After a five day trial, the court denied the rule to remove the executor. All other issues raised by the plaintiff had either been disposed of during the course of trial or were deferred by the trial court for later decision. Specifically, the judgment provided that:
When, after considering the pleadings, the several days of testimony, the exhibits and the Memoranda, (pre-trial and post-trial), for the reasons attached hereto and made a part hereof, there is not now sufficient cause to remove Gerald Kendal from the position of Testamentary Executor of the decedent's estate.
THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Petition to remove Gerald Kendal as Testamentary Executor of the Estate of Abraham Krushevski is denied.
Should the parties find that any matter which has been submitted to the Court for adjudication and no response or specific ruling has issued, Counsel are directed to fix the matters for expeditious hearing;
FINALLY, IT IS ORDERED that should counsel, fail to mutually agree to the attorney's fees due as a result of these proceedings, Counsel for Mover should fix the matter for hearing, forthwith.
The only issue on which final judgment has been rendered in this case is the removal of the executor. Although there is language elsewhere in the record indicating that the trial court had considered ruling on other issues, his final written judgment makes it clear that he was only ruling on the removal issue. It is the written, signed judgment which expresses the court's final ruling, not oral remarks made during the course of trial. C.C.P. Art. 1911.
Here, the trial judge decided that any losses caused by stock transactions, advances on fees etc., should be considered as part of the still unresolved accounting proceedings. We find no error in this approach and will therefore confine our discussion to the court's refusal to remove the executor.
Under C.C.P. Art. 3182:
The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to file notice of his application for appointment when required under Article 3093. (emphasis added)
It is well established that even when actual mismanagement is shown the trial court is not required to remove the executor, but retains the discretion to make whatever decision it feels is appropriate under the facts of the particular case. Succession of Houssiere, 247 La. 764, 174 So.2d 521 (1965); Succession of Crain, 450 So.2d 1372 (La.App. 1st Cir.1984).
Here, the trial judge in his reasons for judgment frankly stated that he was initially inclined to treat Gerald's stock speculation as proof of mismanagement justifying his removal. However, the judge went on to state that after considering all the evidence, including Gerald's explanation of his actions, his opinion changed. Gerald testified that his stock speculation was a continuation of his father's practice, and that he was trying to continue to manage things as his father would have done. The record shows that Samuel witnessed his father's signature on a document authorizing Gerald to make stock transactions for his father similar to those now complained of. Samuel obviously knew this type of investment was being made before his father's death and did not object. Nor did he demand that this type of speculation cease immediately upon his father's death. That demand came later when the transactions had lost money for the estate.
The record also shows that as soon as Gerald received legal advice that continuing his father's past investment practices was unwise, he took appropriate steps to *745 cease those practices. While this may not change the basic unsoundness of such speculative investment in the context of a succession, it does provide some evidence of Gerald's good faith. The trial court obviously was convinced that Gerald acted in good faith, albeit unwisely and without proper advice or a thorough knowledge of his duties and powers, and that his activities although irregular, were not "evil", so as to require his removal as executor. He concluded that Gerald Kendal was the best person to conduct the affairs of the estate despite the irregularities that had taken place. We cannot say that the trial judge abused his discretion by so holding.
The finding that the executor acted in good faith distinguishes this case from many of those cited by appellant, which either expressly or by implication find that the executor acted in bad faith by putting his interest before that of the succession. See Succession of Demarest, 418 So.2d 1368 (La.App. 4th Cir.1982); Succession of Crain, 468 So.2d 778 (La.App. 1st Cir. 1985). Moreover, even assuming all of Samuel's allegations to be true, the amount of the loss claimed by Krush as a result of the stock transactions was relatively small ($22,973.02) compared to the size of the estate (over $3,000,000). Viewed in this context, the mismanagement (if any) which led to the loss appears less serious and provides an additional reason for the court's refusal to remove the executor on this ground.
As to the other grounds presented for removal, such as the unauthorized advance on the executor's fee or the use of succession assets to improve personal property, it is clear that the trial court chose to order reimbursement of any losses suffered by Krush rather than remove Gerald as executor for this conduct. Apparently, Gerald's share of the estate has been (or will be) debited by an amount equal to the cost of his actions to the estate, thus repaying the estate (and consequently the other heirs) for any loss his activities may have caused. We see no abuse of discretion in this approach, particularly where as here, evidence shows that the plaintiff who sought the executor's removal had also appropriated succession assets for his own use (in this case by retaining rentals he had collected).
Because the accounting is not final and is still likely to generate further action at the district court level, we are not in a position to rule on the adequacy of the award contemplated by the trial court. Moreover, as mentioned earlier, we are only concerned with the correctness of the court's decision not to remove the executor, not the adequacy of the alternate relief it may fashion.
Having carefully reviewed the record, we cannot say the trial court abused its great discretion or committed manifest error by refusing to remove the executor. The judgment is therefore affirmed, with costs of this appeal to be divided equally between Gerald Kendal and Samuel Krush.
AFFIRMED.