PER CURIAM.
This appeal concerns the appointment and subsequent removal of appellant, Willie E. Gaulden, as administrator of the Succession of Mrs. Viola Wilson Gaulden. Appellant is the former husband of the decedent. The decedent and appellant were divorced several years prior to decedent’s death but never partitioned their community property, namely, a house located at 2027 Independence Street in New Orleans, Louisiana.
Decedent’s sole heir, Debra Gaulden, ap-pellee, is the only living child born to decedent and appellant during their marriage. Debra Gaulden resided with her mother on Independence Street until decedent’s death, and continued to live there after her mother’s death.
Subsequent to decedent’s death in January 1990, appellant opened decedent’s succession and petitioned to be appointed administrator of the estate. The trial court, on April 9, 1990, appointed and confirmed appellant as administrator of the succession of Mrs. Viola Wilson Gaulden. Upon his appointment as administrator, appellant attempted to exact rental payments from Debra Gaulden. When she refused to make such payments, he tried to evict her from the premises. Appellant also sought to sell the property through a judicial sale.
Appellee, Debra Gaulden, subsequently filed several motions attacking appellant’s qualifications as succession administrator. Appellee filed a motion, order and rule to remove appellant as administrator of the *806 succession, and a petition for writ of injunction against appellant enjoining any acts as the administrator of decedent’s succession. Appellee argued that appellant’s interests were, in fact, in direct conflict with the interests of the succession, and that she, as decedent’s sole heir, should be the adminis-tratrix of the estate.
Appellant, Willie E. Gaulden, filed several exceptions to the pleadings, and opposed appellant’s petition for writ of injunction. Appellant’s exceptions and appellee’s motions were set for hearing on September 4, 1990. The trial court, after considering the pleadings and argument of counsel, rendered judgment in this matter, granting appellee’s motion to remove Willie E. Gaul-den as succession administrator and appointing Debra Gaulden as succession ad-ministratrix. The trial court denied appellant’s exceptions. Willie E. Gaulden has thus subsequently appealed the judgment of the trial court.
A review of the trial court record reveals that the trial court failed to hold an eviden-tiary hearing on the motions and exceptions filed by both parties. Reliance solely upon the pleadings and argument of counsel is not sufficient when a factual finding must be made. In the present case, appel-lee relies upon several factual allegations concerning appellant’s conduct as succession administrator. Without an evidentiary hearing, we are unable to determine whether the trial court erred in removing appellant as the succession administrator. Furthermore, as appellee contends that appellant has acted in conflict with the interest of the succession, and in fact, is a debtor of the succession, there is a question as to whether a conflict exists with appellant’s counsel representing both appellant, Willie E. Gaulden, and the succession.
For the foregoing reasons, the judgment of the trial court is vacated and this matter is remanded to the trial court for a full evidentiary hearing, on all motions filed by the parties.
VACATED AND REMANDED.