|TLOVE, J.,
concurs with reasons.
I, respectfully, concur with the majority. The majority opinion thoroughly discusses the statutory duties of succession representatives in Louisiana; however, article 3222 sets forth the statutory duty of a succession representative that is pertinent in this case.
Article 3222 of the Louisiana Code of Civil Procedure requires a succession representative to deposit into a bank account all monies collected by him as soon as they are received; the succession representative must not withdraw the deposits, except in accordance with law. If a succession representative fails to perform this duty, a court may remove him. LA. CODE CIV. PROC. ANN. art. 3182. When a succession representative actually mismanages the succession, the court is not required to remove him but retains discretion to make whatever decision it feels is appropriate under the facts of the particular case. See Succession of Krushevski, 528 So.2d 743 (La.App. 4 Cir.1988).
The Gurtners presented evidence that Dr. Mclntire failed to open a bank account for the succession and that he withdrew funds from community property accounts, violating article 3222. As noted by the majority, however, Dr. Mclntire did not *1041 act in bad faith, and the Gurtners arguably were not prejudiced by Dr. |?McIntire’s actions. Further, I agree that the Gurtners’ reliance on Succession of Robinson, 393 So.2d 268 (La.App. 1 Cir.1980), is misplaced. The trial court acted within its discretion in denying the Gurtners’ motion to remove Dr. Mclntire as succession representative.
For these reasons, I respectfully concur.