CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 On May 13, 2009, Katie Reine and Re-naldo McKinnis were involved in an automobile accident. Reine was operating a vehicle owned by Barry Reine and insured by Louisiana Farm Bureau Mutual Insurance Company (“Farm Bureau”) when she rear-ended the vehicle being driven by McKinnis. Following the accident, Oscar Carazo, the claims adjuster with Farm Bureau for this claim, contacted McKinnis by phone to negotiate a settlement of his claim. They agreed to a settlement of $1,750.00. On May 19, 2009, McKinnis went into the Farm Bureau office to pick up the settlement check. He met with
 
 *690
 
 Carazo and signed a Final Release and Settlement, which released Farm Bureau from any further liability for the accident.
 

 Also on May 19, 2009, McKinnis retained an attorney to represent him for any claims ai’ising from this accident. McKin-nis did not inform Carazo that he had | .^retained counsel prior to accepting the settlement check and signing the release. Thereafter, McKinnis, through his attorney, filed suit against Reine and Farm Bureau seeking damages for the May 13, 2009 accident.
 

 In response to this suit, Farm Bureau filed an exception of res judicata arguing the release agreement and settlement check paid to McKinnis barred these claims. McKinnis opposed the exception and argued there had been no discussion of his personal injury claim with Farm Bureau, only his property damage claim. He further argued that he can sign his name, but has little ability to read and write. Therefore, he contends that any settlement was without consent due to his limited mental capacity and the settlement should be rescinded due to fraud.
 

 A hearing on the exception of res judica-ta was held on December 21, 2009. Cara-zo testified at the hearing that he talked with McKinnis on the phone days after the accident to negotiate a settlement and they agreed to a settlement of $1,750.00. Cara-zo also testified that McKinnis went to his office in order to finalize the settlement and sign the release. Carazo testified that McKinnis did not inform him, either by phone or in person, that he had retained an attorney. Carazo stated that he described to McKinnis what was contained in the release and McKinnis appeared to know what was going on and did not express an inability to read or write. Carazo had McKinnis print his name and sign the release document on May 19, 2009. Also on that date, Carazo requested the check in the amount of $1,750.00 to be sent to McKinnis at his home address. The check was admitted into evidence at the hearing and McKinnis’ name was signed on the back of the check.
 

 McKinnis also testified at the hearing. He testified that he could read some things and write, had successfully completed job applications in the past, and he then read aloud from a doctor’s report to demonstrate his ability to read. He | testified that he did not have an attorney when he first spoke with Carazo and during their second phone call on May 19, 2009 they only discussed the property damage to the vehicle. McKinnis also testified that he told Carazo on May 19, 2009 that he had an attorney. He further testified that during the third phone call a couple of dates later, Carazo offered $1,500.00 in settlement, but he refused because that wouldn’t cover all the damages to the vehicle and he then referred Carazo to his attorney for further contact. McKinnis denied ever going to the Farm Bureau office, denied that he received the check or endorsed the back of the settlement check, and denied that he signed the release. He acknowledged that his name was on the back of the check and on the release, however, he denied that he personally signed his name.
 

 On April 6, 2010, the defendants filed an ex parte motion to introduce evidence seeking to introduce the affidavit of Elia Hadedad, the owner of Cambridge Food Market where McKinnis cased checks. Farm Bureau sought admittance of this affidavit in response to McKinnis’ testimony that he did not execute the release or sign and cash the check. Hadedad stated he remembered McKinnis cashing a check written by Farm Bureau in the amount of $1,750.00. The check was stamped for deposit with Cambridge Food Market’s name and account information.
 

 
 *691
 
 On April 9, 2010, the trial court issued a judgment granting the exception of res judicata. The trial court found Farm Bureau had met its burden of proving that McKinnis had entered into a settlement agreement that released Farm Bureau from additional liability arising from the May 13, 2009 accident. The trial court found McKinnis’ testimony was not credible, and found he received the check, signed it and cashed it at Cambridge Food Market. The trial court found Carazo’s testimony to be credible and believed that he met with McKinnis and executed the settlement |5agreement. The trial court believed Carazo did not know McKinnis had retained counsel and Farm Bureau did not act fraudulently in any way. Therefore, the trial court granted the exception of res judicata and dismissed all claims against defendants.
 

 McKinnis now appeals this judgment arguing four assignments of error. McKinnis argues the trial court erred in considering information and/or evidence not presented at the trial of the matter, in accepting and relying on hearsay evidence, in accepting into evidence documents that had not been authenticated, and in finding that the date on which the employee/insurance adjuster received a fax was the time when the employer received the fax.
 

 For the reasons Which follow, we affirm the trial court’s judgment granting the exception of res judicata.
 

 DISCUSSION
 

 On appeal, McKinnis argues the trial court committed several evidentiary errors when deciding the exception, and therefore, the trial court erred in granting the exception. First, McKinnis argues the affidavit of Hadedad should not have been considered because it was not submitted during the hearing. McKinnis argues this affidavit was hearsay evidence and inadmissible. However, we find not merit to this assignment of error.
 

 Following the hearing, the trial court took the matter under advisement. Before a judgment was rendered by the trial court, Farm Bureau filed a motion to . introduce the affidavit of Hadedad. A, copy of this motion and affidavit were provided to McKinnis’ counsel. McKinnis never filed an opposition to this motion nor objected to the admittance of the affidavit. Thereafter, the trial court admitted the affidavit into the record and executed its judgment.
 

 | fiThe trial court is given vast discretion in its evidentiary rulings, and its decision to admit or exclude evidence will not be reversed on appeal in the absence of an abuse of discretion.
 
 Finch v. ATC/Vancom Management Services Ltd. Partnership,
 
 09-483 (La.App. 5 Cir. 1/26/10), 33 So.3d 215. We find no abuse of discretion in. the trial court’s ruling on this evidentiary matter. Therefore, we find the affidavit was properly before the trial court for review in deciding the exception.
 

 Next, McKinnis argues the check and the release should not have been considered by the trial court because they were not authenticated documents. McKinnis argues that these documents must be authenticated by someone with personal knowledge and Carazo did not actually deliver the check to McKinnis or know for certain that the release was the actual release signed by McKinnis. Again, we find this assignment of error is without merit.
 

 The exhibits introduced at the hearing were documents submitted by Farm Bureau. Carazo testified regarding his personal knowledge that McKinnis signed the release. Further, Carazo sufficiently iden
 
 *692
 
 tified and authenticated the check issued by Farm Bureau to McKinnis. Therefore, we find no abuse of the trial court’s discretion in admitting these documents into evidence.
 

 McKinnis also argues the trial court should have found that Farm Bureau knew that McKinnis was represented by counsel on May 19, 2009, before the settlement was perfected, because Farm Bureau received a fax from his attorney dated May 19, 2009. Thus, McKinnis asserts that Farm Bureau did not prove there was an agreed upon compromise, or alternatively, that Farm Bureau acted fraudulently because it knew McKinnis was represented by counsel. McKinnis contends the trial court should have denied the exception of res judicata.
 

 |7La. R.S. 13:4231 provides:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 In this case, Farm Bureau claims there is a valid settlement agreement between the parties. A valid compromise can form the basis of a plea of res judicata.
 
 Ortego v. State, Dep’t of Transp. & Dev.,
 
 96-1322 (La.2/25/97), 689 So.2d 1358. On an exception of res judicata, the burden of proof is on the party who urges the exception to prove its essential elements by a preponderance of the evidence.
 
 Ortiz v. Ortiz,
 
 01-1252 (La.App. 5 Cir. 5/15/02), 821 So.2d 35. The standard of review of a ruling sustaining an exception of res judi-cata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties.
 
 State ex ret. Murphy v. Haren,
 
 42,098 (La.App.2d Cir.5/16/07), 957 So.2d 869,
 
 writ denied,
 
 2007-1285 (La.9/21/07), 964 So.2d 345.
 

 We find the trial court correctly found Farm Bureau met its burden of proving that McKinnis had entered into a settlement agreement which released Farm Bureau of any further liability. Carazo testified that he and McKinnis entered into settlement negotiations over the phone and ultimately reached an | ^agreement of $1,750.00. A check was issued by Farm Bureau to McKinnis and this check was endorsed by McKinnis and cashed at Cambridge Food Market. Further, Carazo testified that McKinnis personally appeared at the Farm Bureau office and executed the release by signing the document. We note that McKinnis testified that he did not go to the Farm Bureau office and did not sign the check or the release. The trial court reviewed the testimonies of Carazo and McKinnis and made credibility determinations, ultimately believing Carazo’s testimony. Further, the exhibits and documentation introduced into evidence at the hearing confirm Cara-zo’s testimony.
 

 The trier of fact determines the credibility of witnesses, and within the
 
 *693
 
 bounds of rationality, may accept or reject the testimony.
 
 Salassi v. Salassi,
 
 08-510 (La.App. 5 Cir. 5/12/09), 13 So.3d 670, citing
 
 State v. Wilson,
 
 07-961 (La.App. 5 Cir. 4/15/08), 984 So.2d 870, 875. It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence.
 
 Salassi, supra,
 
 citing,
 
 State v. Toussaint,
 
 98-1214 (La.App. 5 Cir. 5/19/99), 734 So.2d 961, 964. When findings of fact are based on the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings.
 
 Salassi, supra,
 
 citing,
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989).
 

 The trial court determined that Carazo’s testimony was credible and McKinnis’ testimony was not credible. Therefore, the trial court found there was a valid settlement agreement executed between McKin-nis and Farm Bureau. We find no reason to disturb the trial court’s findings.
 

 Thus, we affirmed the trial court’s judgment granting Farm Bureau’s exception of res judicata.
 

 AFFIRMED
 

 1 pEDWARDS, J., Concurs in the Result.