DANIEL L. DYSART, Judge.
L Christine C. Keyes died testate on September 23, 2010. Her last will and testament provided for two of her sons, Ellis L. Keyes and Christopher C. Keyes, to be co-executors of her estate, and for her son, Peter 0. Keyes, to have a lifetime usufruct of the family home.
Ellis L. Keyes (hereinafter “Ellis”), through counsel, filed a Rule to Show Cause on March 28, 2012, seeking to have his co-executor, Christopher C. Keyes (hereinafter “Christopher”) removed from his position and to have the usufruct in favor of Peter 0. Keyes (hereinafter “Peter”) terminated. Ellis claimed that he had great difficulty communicating with Christopher, who lived in California, about matters concerning the succession. Ellis wanted the usufruct in favor of Peter terminated because Peter was not maintaining the residence which had fallen into disrepair.
Following a hearing at which all parties were present, the court denied the motion to disqualify Christopher as co-executor, and denied the motion to terminate Peter’s usufruct. The court, however, did order Peter to remove vegetation from a backyard fence, repair and/or replace roof shingles, and repair 12and/or replace damaged soffit on the house within sixty days of the order. The court also ordered Peter to post a cash or personal/commercial surety bond of $1,000 as security if the repairs were not made within sixty days of the order.
On November 20, 2012, Ellis filed a Rule for Contempt and Request to Remove Co-Executor. Ellis alleged that Peter had failed to make the court-ordered repairs, and had further failed to post a bond in light of his failure to make the repairs. Ellis also alleged that because Peter was in contempt of the court’s orders, his usu- *165 fruct should be terminated. Ellis again requested that Christopher be removed as co-executor because the two could not work together. Ellis claimed that the animosity between the brothers prevented him from being able to make decisions to preserve the estate’s assets.
All parties were present at the hearing on January 25, 2013. Ellis was again the only party represented by counsel. The court heard testimony from each of the brothers, and the unrepresented brothers were allowed to cross-examine witnesses. Additionally, Peter called "witnesses to testify as to the present state of the property. The court took the matter under advisement and rendered judgment on February 4, 2013, finding Peter in contempt of court for not making the court-ordered repairs timely. However, the court found that the repairs had been made prior to the hearing, and therefore, found that Peter had purged himself of the contempt and that a penalty was not warranted. The court also denied again Ellis’s motion to have Christopher removed as co-executor.
Ellis, now acting in proper person, appeals the court’s judgment. For the following reasons, we affirm.
[.DISCUSSION:
Ellis complains that the trial court erred in not assessing sanctions against Peter, having found him in contempt.
Louisiana Code of Civil Procedure art. 224 provides in part that a constructive contempt lies when a person ordered to perform an act or acts willfully disobeys that order. La.Code Civ. Proc. art. 225 provides that if a person is found guilty of contempt, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged as guilty, and specifying the punishment imposed. La. R.S. 13:4611 provides that the court finding the contempt may punish the person adjudged guilty.
A trial court is vested with great discretion in determining whether circumstances warrant holding a person in constructive contempt of court pursuant to La.Code Civ. Proc. art. 224 for willful disobedience of a court order. South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent to Own, Inc., 09-0011, p. 8 (La.App. 4 Cir. 6/30/10), 42 So.3d 1094, 1099, Watters v. Dep’t of Social Services, 02-1425, p. 4 (La.App. 4 Cir. 6/4/03), 849 So.2d 734, 737.
In its reasons for judgment, the trial court explained that he was holding Peter in contempt for not making the ordered repairs within sixty days as ordered. However, the court, in its discretion, decided that no sanctions were warranted because Peter had made the court-ordered repairs prior to the hearing. Ellis presented pictures indicating that the repairs had not been made as of January 7, 2013. Peter, through the testimony of a neighbor and a friend, submitted evidence that the repairs were made. The court was in the best position to evaluate this evidence, and made the discretionary decision not to sanction Peter. We find no abuse of that discretion.
l4Ellis also raises as error the trial court’s refusal to remove his brother, Christopher, as co-executor.
A party seeking removal of a succession representative must prove by convincing evidence that the representative has breached his fiduciary duty under La.Code Civ. Proc. art. 3191 or the existence of one of the grounds for removal enumerated in La.Code Civ. Proc. art. 3182. Succession of Cucchero, 02-0368, p. 3 (La.App. 1 Cir. 2/14/03), 845 So.2d 450, 452. The trial court is vested with great discretion in determining whether removal is appropriate under the facts of the particular case. Succession of Krushevski, 528 So.2d 743, 744 (La.App. 4th Cir.1988). The trial court’s decision regarding remov *166 al of the representative will not be disturbed absent an abuse of discretion. Cucchero, 02-0368, p. 3, 845 So.2d at 453.
The trial court noted in its reasons for judgment that La.Code Civ. Proc. art. 3182 would allow it to remove a succession representative for certain enumerated reasons, including that the executor was unable to discharge his duties. The trial court found, after listening to the testimony of the parties, that removal of Christopher was not warranted. In its reasons for judgment the trial court observed that Ellis was aggressive, argumentative and ill-tempered in his demeanor towards Christopher (and Peter). The court noted that Ellis’s behavior concerned the court; however, a motion to remove Ellis was not before it. The trial court found Christopher capable of discharging his duties as co-executor. Again, we find no abuse of discretion.
Ellis also complains on appeal that the trial court erred in not terminating Peter’s usufruct. We note that the termination of the usufruct was addressed in a previous judgment, and is not properly before this Court for review.
| ^Accordingly, we affirm the judgment of the trial court.
AFFIRMED.