CORRECTED COPY

SUCCESSION OF WILLIAM G.     \*        NO. 2020-CA-0518
BROWN AND EDNA BRAUD
BROWN A/K/A EDNA BRAUD     \*
JOHNSON BROWN             COURT OF APPEAL

                          \*

                          FOURTH CIRCUIT

                          \*

                          STATE OF LOUISIANA

               \* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-02296, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge
Regina Bartholomew-Woods)

**LEDET, J., CONCURS IN THE RESULT**


Peter R. Borstell
Douglas Michael Schmidt
DOUG SCHMIDT, A.P.L.C.
335 City Park Avenue
New Orleans, LA 70119

      COUNSEL FOR APPELLANT


T. Colette White
Law Office of T. Colette White, LLC
650 Poydras Street, Suite 1400
New Orleans, LA 70130

      COUNSEL FOR APPELLEE

                        **REVERSED AND REMANDED**
                        **APRIL 21, 2021**

*RBW*

*SCJ*

This civil appeal involves the removal of a succession administratrix.

**Factual History**

Per the court record, the history of this case is as follows. Edna Braud Brown a/k/a Edna Braud Johnson Brown ("Decedent") was born on September 27, 1923. Decedent was married twice. Her first marriage was to Alton Johnson with whom she had six children: Clayton Johnson (Deceased); Earl Johnson (Deceased); Rodney Johnson (Deceased); Glenn Johnson (Deceased);[1] Sheila Johnson ("Appellant")[2]; and Paula Johnson Jackson ("Appellee").[3] Decedent and

---

[1] Throughout the pleadings, his name appears as both "Glen" and "Glenn". His name is signed as a witness to a special power of attorney and is spelled "Glen." Though listed as a party to this case, Glen Johnson was never a party to the proceedings or this appeal. He died on July 3, 2020.

[2] Appellant is at times referred to as Sheila Jackson in the record. This appears to be a typographical error.

[3] Appellee asserts in both her petition and order to be appointed administratrix and the affidavit of death, jurisdiction, and heirship that she is the daughter of Decedent and William G. Brown. In contrast, Appellant asserts Appellee was not William G. Brown's daughter, but rather a step-daughter with no filial relationship.

Alton Johnson[4] later divorced. Prior to her second marriage, Decedent drafted a "Last Will and Testament" dated June 8, 1993. Decedent then married William G. Brown ("Mr. Brown")[5] who preceded Decedent in death on January 7, 2006.[6] Decedent passed away on June 12, 2017.

Decedent was the sole owner of the immovable residential property located at 8333-8335 Spruce St. New Orleans, LA 70118 (the "Spruce St. property").[7]

Additionally, Decedent's succession includes the immovable residential property located at 2339 Wisteria Street, New Orleans, LA 70122 (the "Wisteria property"), which Decedent and Mr. Brown purchased in 1995 and owned as community property.[8]

On June 21, 2018, the Wisteria property went into foreclosure and a Notice of seizure was issued.[9] The heirs corresponded via email regarding the foreclosure and the possibility of a family member buying the home from the heirs, but no concrete resolution was reached.

## Procedural History

On February 28, 2019, Appellee, a resident of the state of Nevada, filed the following pleadings: "Petition and Order to be Appointed Administratrix," "Affidavit of Death, Jurisdiction, and Heirship," and "Sworn Detailed Descriptive

---

[4] Alton Johnson died intestate on February 1, 1990.

[5] Prior to his marriage to Decedent, Mr. Brown had one son, Robert Brown, whose whereabouts are unknown to the parties. He is not a party to these proceedings of this appeal.

[6] Mr. Brown died intestate and no succession was opened following his death.

[7] At the time of her death, Decedent's son and heir, Glen Johnson, resided at the Spruce Street address until his passing in 2020.

[8] Prior to Decedent's death, Appellant's daughter, Sherri Johnson, lived with Decedent at this property. Following Decedent's death, Sherri Johnson continued to live on the property.

[9] Sherri Johnson reportedly stopped paying the mortgage on the property when her offer to buy the property from the heirs was denied.

List" seeking to be appointed administratrix of the estates of Decedent and Mr. Brown. Appellee identified herself as the daughter of both decedents. In the affidavit of death, jurisdiction, and heirship, Appellee stated that both Decedent and Mr. Brown died intestate. In the sworn detailed descriptive list, Appellee identified the Wisteria property but failed to list the Spruce St. property. Furthermore, Appellee did not record any debts, mortgages, or liens on the Wisteria Street property despite the property undergoing foreclosure proceedings.[10]

On March 12, 2019, a "payoff statement" was issued to Mr. Larry Jackson by Wells Fargo Bank.[11]

On April 2, 2019, the trial court signed letters of administration and an order appointing Appellee as administratrix of both successions.[12] Additionally, Appellee filed paperwork appointing T. Collette White ("Ms. White") to serve as Appellee's appointed agent in the State of Louisiana, and grant her power of attorney on Appellee's behalf.

On April 22, 2019, Appellee filed a "Notice to Sell Movable or Immovable Property at Private Sale." The notice provided a property description but failed to state the price for which the property was to be sold, the conditions for the sale, and a reason for the sale of the property.

---

[10] Appellee valued the property at 2339 Wisteria Street, New Orleans, Louisiana 70122 as $60,000.00.

[11] The record is unclear as to the relationship between Mr. Jackson and the parties beyond having secured financing to prevent the foreclosure; however, in the transcript from a hearing held on October 9, 2019, Appellee claims to be a creditor of the estate because of Mr. Jackson's financial intervention.

[12] A second order was signed by a different trial judge on May 15, 2019 naming Appellee administratrix. There is no explanation in the record for why there are two signed orders of appointment.

On or about May 9, 2019, Appellant was served with a five-day notice to vacate the Wisteria property listing Larry Jackson as the Plaintiff. Appellant alleged this was her first time learning of Appellee's intent to sell the property.

On May 15, 2019, Appellee filed a "Certificate of Filing and No Opposition." The certificate stated notices of the intent to sell were published in local newspapers.[13] No form of personal service was sent to the other heirs listed in the Affidavit of Death, Jurisdiction, and Heirship.

On May 22, 2019, Appellant filed an "Objection/Opposition to Sale of Moveable and/or Immoveable Property and Request for Appraisal of Property." In her objection, Appellant asserted that Appellee knew of Decedent's will and falsely claimed Decedent died intestate. Appellant further asserted improper notification considering Appellee knew the addresses of Appellant and Glenn Johnson.

Appellant simultaneously filed an "Opposition to Judicially Open Succession and Appointment of Succession Representative, alternatively, Motion to Remove Succession Administrator" again alleging that Paula Jackson was aware of Decedent's June 8, 1993 testament, but she chose to file a petition to open the succession pursuant to the laws of intestacy.

On May 28, 2019, the trial court scheduled a hearing for July 12, 2019 and stayed any pending sale of the Wisteria property. On July 8, 2019, Appellee filed a

---

[13] Advertisements were run in the Times-Picayune on April 26, 2019, and in the Louisiana Weekly on April 29, 2019.

4

reply and opposition to the motion to remove her as administratrix. On July 18, 2019, the trial court reset the July 12, 2019 hearing to August 16, 2019.

At a brief hearing on August 16, 2019, the matter was reset to September 23, 2019, to allow both parties time to file necessary documents into the trial court record.[14]

On August 16, 2019, Appellee filed a supplemental memorandum in opposition to the motion to remove her as administratrix.

On September 23, 2019, the trial court signed an order resetting the hearing to October 2, 2019, which was later reset to October 9, 2019.

On October 1, 2019, Appellant filed a petition for probate of statutory will, and on that same date, the trial court signed an order probating the June 8, 1993 testament. The order probates the will of "Eloise Clemmons" and does not reference Edna Johnson.

On October 9, 2019, a hearing on the motions took place.

On October 11, 2019, the trial court issued a written judgment dismissing Appellant's petitions and dissolved the May 28, 2019 stay.

On October 22, 2019, Appellant filed a motion for new trial and/or motion to vacate judgment, which the trial court denied on November 21, 2019. Also on November 21, 2019, the trial court signed an *ex parte* motion to perform inspection and secure premises.

---

[14] Appellant was to file Decedent's will as part of the record. Appellee was to file the paperwork appointing Ms. White as her agent in Louisiana.

On January 23, 2020, Appellant filed an expedited petition for appeal. On January 23, 2020, the trial court set a return date for February 15, 2020.[15]

On February 4, 2021, this Court heard oral arguments in this matter.

On February 22, 2021, Appellee filed "Motion to Dismiss Appeal Together with Incorporated Memorandum Filed on Behalf of Paula Jackson, Appellee."

## Analysis

*Appellee's Motion to Dismiss Appeal*

As a preliminary matter, we address Appellee's motion to dismiss this appeal. Appellee argues that, pursuant to La. C.C.P. art. 2126,[16] the appeal should be dismissed on grounds of abandonment because Appellant failed to timely pay the estimated costs of appeal.

---

[15] In March of 2020, the State of Louisiana was in the grip of the COVID-19 pandemic forcing the temporary shutdown of certain business and services including those of this Court.

[16] The pertinent parts of La. C.C.P. art. 2126 provides:

* * *

> B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

* * *

> E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
> > (1) Enter a formal order of dismissal on the grounds of abandonment; or
> > (2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

> F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

On January 23, 2020, following Appellant's December 18, 2019 filing of an expedited petition for appeal, the trial court signed the expedited petition for appeal and set the return date for February 15, 2020. On February 13, 2020, the trial court issued a notice of estimated appeal costs in the amount of $1,560.60 due by March 4, 2020. It was not until September 16, 2020, that Appellant paid the estimated costs of appeal.

La. C.C.P. art. 2126 B requires that the appellant pay the estimated costs of an appeal within twenty (20) days of the mailing of the notice; however, La. C.C.P. art. 2126 F further provides that if the appellant pays the costs then the appeal may not be dismissed even if the time to pay has tolled. At the time of the filing of the motion to dismiss appeal, Appellant had paid the estimated costs of the appeal, and though the payment came approximately six (6) months after the due date, La. C.C.P. art. 2126 F specifically states late payment is not cause for dismissal. Moreover, La. C.C.P. art. 2126 E requires a hearing before the trial court, which, based on a review of the record in the instant appeal, had not taken place. For the aforementioned reasons, we deny Appellee's motion to dismiss the appeal.

*Assignments of Error*

Appellant is seeking to have Appellee removed as administratrix. While Appellant raises concerns regarding the sale of the Wisteria property, her appeal focuses on Appellee's role as administratrix over the succession which still possesses the Spruce St. property. Appellant raises the following assignments of error:

1. Whether the trial court erred in not permitting Appellant to testify during the hearing on the motions;

2. Whether the trial court erred in appointing Appellee as administratrix of Decedent's estate;

3. Whether the trial court erred by failing to name Appellant executrix of the estate as provided by Decedent's testament;

4. Whether the trial court erred in appointing Appellee as administratrix of Decedent's estate because she was not an heir or legatee; and

5. Whether the trial court erred in not disqualifying Appellee as administratrix of Decedent's estate.

*Standard of Review*

An appeal challenging the trial court's decision to retain or remove an individual from the position of administrator(trix) of a succession is subject to the manifest error standard. "The trial court is vested with great discretion in determining whether removal is appropriate under the facts of the particular case." *In re Succession of Keyes*, 2013-1145, p. 4 (La. App. 4 Cir. 1/22/14), 133 So.3d 163, 165 (citing *Succession of Krushevski,* 528 So .2d 743, 744 (La. App. 4th Cir. 1988). "The trial court's decision regarding removal of the representative will not be disturbed absent an abuse of discretion. *Id*. at p. 4, 133 So.3d at 165-66 (citing *Succession of Cucchero,* 2002–0368, p. 3 (La. App. 1 Cir. 2/14/03), 845 So.2d 450, 453).

*Analysis*

All of Appellant's assignments of error generally involve the maintenance of Appellee as administratrix and not allowing Appellant to be named as administratrix, and the hearings surrounding that decision by the trial court. Specifically, Appellant asserts the trial court erred in not allowing her to testify at

the hearings regarding the removal of Appellee as administratrix of the succession. Appellant was present at the first hearing held on August 16, 2019; however, the hearing was continued to allow time for both parties to file paperwork into the record. On October 9, 2019, the hearing resumed; however, Appellant was not present.[17] The trial court considered the testimony of Ms. White, Appellee's agent, the arguments of counsel, and the entirety of the record to render its decision in denying the motions.[18]

We recognize that the court is vested with the power to remove a succession representative through La. C.C.P. art. 3182 which states:

> The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
>
> The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.

The party seeking removal has the burden of proving by convincing evidence that the representative either breached their fiduciary duty under La. C.C.P. art. 3191 or should be disqualified because of the existence of one of the

---

[17] A review of the transcript in the record reveals Appellant was not present because her attorney believed the hearing was to determine questions of law rather than questions of fact.

[18] The October 11, 2019 "Judgment On Rule" states the trial court considered "[t]he entire record of these proceedings considered, together with the testimony of the administratrix's agent, T. Colette White, and the argument of counsel; the law and the evidence appearing to favor the administratrix…."

grounds for removal enumerated in La. C.C.P. art. 3182. *Keyes*, 133 So.3d at 165. The trial court must hold a rule to show cause and a full evidentiary hearing. *Succession of Gaulden*, 593 So.2d 805, 806 (La. App. 4 Ct. App. 1992); *In re Succession of Cannata*, 2014-1546, p. 11 (La. App. 1 Cir. 7/10/15), 180 So.3d 355, 365; *Cucchero*, 711 So.2d at 403. The trial court cannot rely solely upon the pleadings and arguments of counsel when a factual finding must be made. *Gaulden*, 593 So.2d at 806.

In *Gaulden*, Willie Gaulden, the ex-husband of Viola Gaulden, the decedent, was named executor of Viola's succession. 593 So.2d at 805. In his capacity as executor, Mr. Gaulden attempted to evict the decedent's daughter, her sole heir, from the home she resided at with the decedent and sought to sell the property of the estate. *Id*. The decedent's daughter sought to have Mr. Gaulden removed as executor. *Id*. at 805-06. After a hearing on the motions, the court, relying on pleadings and arguments of counsel granted the daughter's motion. *Id*. at 806. Upon appeal, this Court vacated the trial court's ruling and remanded the case for a full evidentiary hearing reasoning that multiple factual allegations were before the trial court which were unresolved. *Id*. This Court stated, "[w]ithout an evidentiary hearing, we are unable to determine whether the trial court erred in removing appellant as the succession administrator." *Id*.

Similar to *Gaulden*, the trial court in the current case did not conduct a full evidentiary hearing. Only, Ms. White, Appellee's agent, was present in court to present testimony. The trial court's ruling was based on the arguments of counsel,

filed paperwork, pleadings, and Ms. White's testimony. Appellant was not present in court and consequently did not have an opportunity to testify regarding the factual allegations made. Furthermore, Appellee was not present in court, only Ms. White. Ms. White, as the registered agent and power of attorney for Appellee, is not in a position to testify regarding facts known only to Appellee and has not been authorized to testify.[19] Ms. White's function as an agent was to oversee the sale of the Wisteria property and accept service on Appellee's behalf.

Ultimately, because the trial court failed to fully address the factual and legal issues presented through a full evidentiary hearing, this Court cannot make a determination as to the validity of the trial court's judgment. We find that the trial court committed manifest error in failing to hold an evidentiary hearing regarding the motion to remove Appellee as administratrix of Decedent's estate.

### Conclusion

For the foregoing reasons, we dismiss Appellee's motion to dismiss the appeal. We further find that the trial court committed manifest error in failing to hold a full evidentiary hearing when it denied Appellant's motion to remove Appellee as administratrix for Decedent's estate. Thus, we reverse the judgment of the trial court and remand this case for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED**

---

[19] For example, Ms. White cannot state with certainty when Appellee learned of the existence of the will, or whether Appellee is the daughter or step-daughter of Mr. Brown. Any knowledge she has on these matters would be considered hearsay.