NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-88

SUCCESSION OF AMIE SAYER SAUCIER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 45,704
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Jonathan W. Perry, and Gary J. Ortego, Judges.

AFFIRMED.

**Thomas Rockwell Willson**
**1330 Jackson St.**
**Alexandria, LA 71301**
**(318) 442-8658**
**COUNSEL FOR APPELLANT:**
**Pamela Katherine Saucier Burlew**

**Valerie M Thompson**
**3600 Jackson St., Ste. 115 B**
**Alexandria, LA 71303**
**(318) 473-0052**
**COUNSEL FOR APPELLEE:**
**Joseph M. Saucier**

**EZELL, Judge.**

Pamela Saucier Burlew appeals the decision of the trial court below appointing her brother, Joseph Saucier, administrator of the estate of their mother, Amie Sayer Saucier. For the following reasons, we hereby affirm the decision of the trial court.

Mrs. Saucier died on April 13, 2021. She died intestate and was survived by ten children. Her son, Joseph (hereinafter Mr. Saucier), petitioned to be appointed provisional administrator to assist with the inventory of the estate and distribution of the assets. After his appointment as such, Mr. Saucier filed a detailed descriptive list and requested to be appointed full administrator. His sister, Mrs. Burlew, opposed his appointment, alleging that he failed to act as required while he was provisional administrator. After a hearing on the matter, the trial court determined that Mr. Saucier was qualified to be appointed administrator of the estate. From that decision, Mr. Burlew appeals.

On appeal, Mrs. Burlew asserts one assignment of error, that the trial court erred in denying her opposition to Mr. Saucier's appointment as administrator of the estate. We disagree.

An appeal challenging a trial court's decision to appoint an individual to the position of administrator of a succession is subject to the manifest error standard. *Succession of Brown*, 20-518 (La.App. 4 Cir. 4/21/21), 318 So.3d 348. "The trial court is vested with great discretion in determining whether removal is appropriate under the facts of the particular case." *In re Succession of Keyes*, 13-1145, p. 4 (La.App. 4 Cir. 1/22/14), 133 So.3d 163, 165 (citing *Succession of Krushevski*, 528 So.2d 743 (La.App. 4 Cir. 1988)).

In order to reverse a finder of fact's determination under the manifest error standard of review, this Court "must find from the record that a reasonable factual basis does not exist for the finding of the trial court." *Stobart v. State through Dep't of Transp. & Dev.,* 617 So.2d 880, 882 (La.1993). When the trial court's factual findings are based on the credibility of witnesses, the court's decision to credit the testimony of one witness over another must be afforded great deference by the reviewing court, "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). "It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence." *McKinnis v. Reine*, 10-753, p. 8 (La.App. 5 Cir. 4/26/11), 65 So.3d 688, 693.

The trial court stated in its ruling that it believed Mr. Saucier to be "very credible." The trial court found that there was no mismanagement or intentional delays by Mr. Saucier in establishing a succession bank account, as alleged by Mrs. Burlew, but that the delays complained of were caused by roadblocks set before Mr. Saucier by the bank holding the accounts. That finding was supported by the testimony before the court. Mr. Saucier testified that he had compiled the detailed descriptive list within the time allowed and that he had obtained insurance on his mother's home for up to a year, to allow the asset to be protected prior to its sale. His brother, Larry, testified that he believed Mr. Saucier would be fair as administrator of the estate.

Further, the testimony at trial established that the three children most involved in the daily life and care of Mrs. Saucier and her home were Joseph, Larry, and Lewis, with Joseph being the most involved on a daily basis, due to the

proximity of his home to hers. Larry and another brother, Chris, objected to Mrs. Burlew being named administrator of the succession, with Larry specifically stating she had not been communication with Mrs. Saucier for years. One of Mrs. Burlew's complaints on appeal is that Mr. Saucier paid estate debts with estate funds, allegedly without authorization, while he was acting provisional administrator. However, she testified at trial that she did the exact same thing with regards to a CLECO bill after her mother's passing, that she then switched the CLECO account over to her own name, and even opened a post office box in her deceased mother's name, after her death, all while she did even not have the authority of a provisional administrator to do so.

It is clear from the record before this court that the trial court had a reasonable factual basis for its decision. Moreover, it is apparent that the trial judge gave greater credence to the testimony of the witnesses for Mr. Saucier than to those for Mrs. Burlew. This is a matter which is particularly within the purview of the trier of fact. After reviewing the record, and affording the great deference owed to the trial court's credibility determination, we can find no manifest error in the trial court's decision.

For the above reasons, the decision of the trial court below appointing Joseph Saucier administrator of the estate of Amie Sayer Saucier is hereby affirmed. Costs of this appeal are hereby assessed against Mrs. Burlew.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.