12FITZSIMMO N S, Judge.
Janet Cucchero Wingerter, Antoinette Cucchero O’Neil, Kathleen Cucchero Savorg-nan, and Carmela Cucchero Brehm filed a “motion to revoke appointment of dative testamentary executrix” in the succession of their father, Frank Cucchero, Jr. They alleged that their sister, Rosemary Cucchero, had mismanaged the estate: incurring unnecessary legal expenses; failing to file an annual account; erroneously alleging assets, which caused the estate to incur additional unnecessary attorney’s fees; using her position as dative testamentary executrix to harass the petitioners, while not requiring another heir to account for an obligation owed to the succession; and by failing to clear up a title problem, thereby causing the estate to incur additional costs. The district court judge granted the movants’ request to have Rosemary Cucchero removed as executrix of the estate. We vacate that order on the basis of a procedural legal error. The matter is remanded to the district court.
The hearing on the motion to revoke the appointment of dative testamentary executrix was limited by the court to movants’ claim *403 that a statement was allegedly made by Ms. Cucchero to two of the sisters. Kathleen Cucchero Savorgnan testified that Rosemary Cucchero told her that “she didn’t care if she ever saw a dime of daddy’s money. Just so long as Antoinette [another sister] didn’t see a penny, she was okay.” Carmela Cucchero Brehm corroborated Mrs. Savorgnan’s testimony by stating that Rosemary Cucchero had also told her that her primary goal was to insure that “Antoinette didn’t get any money, and she was out to break the estate.” Ms. Cucchero denied the allegations that she had said that she was not going to let Antoinette see a dime and that she would exhaust the assets of the estate.
Antoinette Cucchero O’Neil testified that Ms. Cucchero harassed her by demanding that various checks drawn on .the | gdecedent’s account by the movants be given back to the estate. It was claimed that the utilization of legal counsel to send harassing letters constituted mismanagement: the letters unnecessarily caused a depletion of the funds of the estate. The court, however, declined to render a finding of mismanagement pursuant to these latter assertions.
Of concern is the district court’s refusal to receive testimony from appellant beyond a refutation of the evidence of the above noted verbal statements to the two sisters. The district court judge also refused testimony regarding appellant’s justification of her demand for an accounting by appellant’s sisters of any of their disbursements of succession funds. A credibility determination was made by the court in favor of movants’ testimony that Rosemary Cucchero indicated that she would rather bleed the succession dry than see Antoinette get any money. On this basis, the trial court ruled that the record supports that there “should be a third party representative of this succession.” Ms. Rosemary Cucchero was removed as executrix of the succession.
LAW
We find that the district court committed legal error in its refusal to entertain testimony by the parties on all the issues raised in the movants’ pleading. Removal of a succession representative for mismanagement of the estate is invoked pursuant to La.C.C.P. art. 3182. Article 3182 necessitates a rule to show cause. A contradictory hearing is required. See La.C.C.P. art. 963. Testimony is integral to such a hearing.
Counsel for Rosemary Cucchero indicated to the court that there were other witnesses and evidence to be presented. Despite an objection to the limitation of evidence, the court restricted appellant’s presentation to a response to the evidence presented |4by the two witnesses who testified on behalf of mov-ants[2]. The issue of whether the evidence presented was sufficient to warrant a removal of the executrix pursuant to La.C.C.P. art. 3182 is subordinated by this procedural deficiency. The court’s limitation of evidence did not afford the parties a full evidentiary hearing. Absent a full evidentiary hearing, giving appellant the opportunity to prove that she did not mismanage the estate, it is impossible for this reviewing court to ascertain whether the court erred in its removal of appellant as the succession representative. Succession of Gaulden, 593 So.2d 805, 806 (La.App. 4th Cir.1992). Accordingly, the district court’s grant of the motion to revoke the appointment of the dative testamentary executrix is vacated. The matter is remanded to the district court for a full evidentiary hearing on the motion. Costs associated with this appeal are assessed to appellees, Janet Cucchero Wingerter, Antoinette Cucchero O’Neil, Kathleen Cucchero Savorgnan, and Carmela Cucchero Brehm.
JUDGMENT VACATED AND CASE REMANDED.

. Movants also objected to the court ordered limitation of evidence to support their allegations.