STONE, J.
*1135 This appeal arises from a trial court's judgment appointing Mary Anne Youngblood Shemwell and Patricia N. Miramon as co-executrices of the Succession of Frances Oden Youngblood. For the following reasons, we reverse the judgment of the trial court and remand for trial.
FACTUAL BACKGROUND
On February 26, 2007, Frances Oden Youngblood ("Frances") and her sons, Ray Oden Youngblood ("Ray") and James Dee Youngblood, III ("James"), each executed notarial testaments. Frances left the bulk of her estate in equal shares to her two sons and only daughter, Mary Anne Youngblood Shemwell ("Shemwell"). Frances named James as her independent executor; she did not name an alternative or successor executor.
Ray left his entire estate to James and named James as his independent executor. James left his entire estate to Ray and, in the event Ray predeceased him, James' entire estate went to the American Heart Association and the American Cancer Society. In a codicil to his will, James named the family attorney, Patricia N. Miramon ("Miramon"), as his independent executrix. Miramon, who had served as the Youngbloods' family attorney since 2006, drafted and notarized the three aforementioned wills.
Frances died in 2011, Ray died in 2012, and James died in 2016. At the times of their deaths, neither Ray nor James was married, and neither of the men had children. Beginning in 2011, after Frances' death, James gave Miramon a series of mandates to act on his behalf as independent executor of Frances' estate. Additionally, from 2015 until his death in March of 2016, James granted Miramon a general power of attorney, authorizing Miramon to act with broad powers on his behalf.
On October 30, 2015, Shemwell filed a petition to have James removed as executor of Frances' succession on the grounds that he lacked capacity. Shemwell's claims were based on James' mental illness and/or incompetence, documented over a period of several years.[1]
Thereafter, following James' death in 2016, Shemwell filed a petition seeking appointment as the dative independent executrix of Frances' succession. Shemwell argued that, pursuant to La. C.C.P. art. 3098 (" Article 3098"), she has priority of appointment as Frances' sole remaining legatee.[2] Miramon subsequently answered *1136 the petition and filed exceptions of prematurity, no right of action, and unauthorized use of summary proceedings. In her answer, Miramon sought appointment as the dative independent executrix of Frances' succession.
A hearing on Shemwell's petition and Miramon's exceptions was held on January 9, 2017. The trial court, despite repeated objections by both parties, appointed Shemwell and Miramon as co-executrices of Frances' succession. The trial court conceded it lacked legal authority upon which to appoint co-executrices, but believed its ruling was an effectual compromise to accommodate both parties. Shemwell and Miramon now appeal. Each party argues the trial court erred in appointing them co-executrices.
DISCUSSION
La. C.C.P. art. 3083 (" Article 3083") provides:
If no executor has been named in the testament, or if the one named is dead, disqualified, or declines the trust, on its own motion or on motion of any interested party, the court shall appoint a dative testamentary executor, in the manner provided for the appointment of an administrator of an intestate succession.
When appointing a dative testamentary executor, the trial judge shall choose the candidate who is best qualified personally, and by training and experience, to administer the succession. La. C.C.P. art. 3098. Succession of Anderson , 26,947 (La. App. 2 Cir. 05/10/95), 656 So.2d 42, 45, writ denied , 95-1789 (La. 10/27/95), 662 So.2d 3.
Words and phrases must be read with their context and construed according to the common and approved usage of the language. La. R.S. 1:3. "The word 'shall' is mandatory and the word 'may' is permissive." Id. Further, every word, sentence, or provision in a law is presumed to be intended to serve some useful purpose, that some effect is given to each such provision, and that no unnecessary words or provisions were employed. Colvin v. Louisiana Patient's Comp. Fund Oversight Bd. , 06-1104 (La. 01/17/07), 947 So.2d 15, 19 ; Moss v. State , 05-1963 (La. 04/04/06), 925 So.2d 1185, 1196. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found. Colvin , supra ; Moss , supra .
This Court finds that the trial court, while having a sincere but utterly unrealistic hope of effecting an agreement and compromise between the parties, was manifestly erroneous in interposing its notion of a "solution" to this extremely serious dispute by appointing co-executrices. It is apparent that the legislature, by use of the word "shall" in Article 3083, mandated the appointment of a single dative testamentary executrix. The clear language of the statute does not afford the trial court the option of not appointing an executrix, nor does it authorize the trial court to appoint more than one executrix. The legislature likely recognized the issues and conflicts that could arise from appointing multiple executrices who possess conflicting interests, as in the case sub judice . The trial court was obligated to appoint either Shemwell or Miramon as the dative independent executrix of Frances' succession, and its failure to do so was manifestly erroneous.
Both parties contend this Court should conduct a de novo standard of review and determine which of the women *1137 should be appointed as executrix. We disagree.
La. C.C.P. art. 3096 (" Article 3096") provides:
At the hearing on the application for appointment as administrator, if no opposition is filed, the court shall appoint the applicant, unless he is disqualified under Article 3097.
If an opposition to the application for appointment has been filed prior to the hearing thereon, the court shall assign the opposition for trial. After this trial, the court shall appoint an administrator the qualified claimant having the highest priority of appointment.
Jurisprudence supports remanding this matter in order for a trial to be held to determine which party is best qualified to be executrix of the succession. In Succession of Cucchero , 97-0771 (La. App. 1 Cir. 4/8/98), 711 So.2d 402, 403, the appellate court vacated the appointment of a dative testamentary executrix because of the refusal of the trial court to entertain testimony on "all issues raised in the movant's pleading," citing La. C.C.P. art. 3182, requiring a contradictory hearing in which testimony is integral. Similarly, in Succession of Gaulden , 593 So.2d 805, 806 (La. App. 4 Cir. 1992), an order of appointment of a succession representative was vacated when it was premised solely upon the pleadings and argument of counsel. "Reliance upon the pleadings and argument of counsel is not sufficient when a factual finding must be made."
The record reveals that at the hearing on January 9, 2017, no witnesses were sworn, no testimony was taken or proffered, and no exhibits were introduced or offered. In fact, aside from arguments of counsel, objections to the trial court's proposed course of action, gratuitous profanity, recriminations, and the parties talking over one another, the record is devoid of any evidence at all. The hearing can in no way be construed as the trial intended by the second paragraph of Article 3096.
Both Miramon and Shemwell have articulated compelling arguments supporting their right to be appointed as executrix. Shemwell claims that because she is the sole living legatee under Frances' testament, she has priority of appointment as the sole dative independent executrix of Frances' succession. Moreover, Shemwell has alleged in numerous motions that James was mentally incompetent when he drafted his will as well as when he was appointed executor over Frances' succession.
Miramon contends that because she was the legal representative of James, a legatee of Frances whom Shemwell claimed was incompetent, she also falls within the category of those persons having the highest priority of appointment. Additionally, Miramon points to the considerable highly specialized and effective work she has already performed on Frances' succession while serving as interim administratrix, including handling an IRS estate audit. In fact, the record reflects that at the time of James' death, Miramon had concluded the administration of Frances' succession subject to homologation of the final tableau of distribution. Shemwell does not repudiate Miramon's performance as acting executor of Frances' estate.
Undoubtedly, there is a legitimate dispute over who is the most qualified claimant having the highest priority of appointment under Article 3098. However, the record is barren of the evidence necessary for this Court to issue a judgment appointing either Shemwell or Miramon as executrix. Each party should be given the opportunity to put on evidence in the traditional adversarial manner, and based on the evidence presented, the trial court should make a factual and legal determination concerning who is best qualified to *1138 be executrix of Frances' succession. As such, the trial court's judgment is reversed and remanded for trial.
CONCLUSION
For the foregoing reasons, the trial court's judgment appointing Shemwell and Miramon as co-executrices is reversed. The matter is remanded for the trial court to conduct a trial as prescribed by La. C.C.P art. 3096. Costs of this appeal are to be equally split between Shemwell and Miramon.
REVERSED AND REMANDED WITH INSTRUCTIONS.

James had been diagnosed with a chronic mental illness prior to Frances' death. The issue of James' mental competence to serve as executor of Frances' estate, as well as whether he lacked the testamentary capacity to execute his last will and testament, are currently the subject of litigation in the consolidated matter, Succession of James D. Youngblood, III . Miramon's appointment as the executrix of James' succession is also being challenged.

Shemwell is also seeking appointment as the independent executrix of Ray's succession in the consolidated matter, Succession of Ray Oden Youngblood.